TEXAS CO. v. JAMISON, Adm'r.

No. 30411. June 2, 1942.

Rehearing Denied Sept. 22, 1942.

*129 P. 2d 85.*

Ames, Monnet, Hayes & Brown, of Oklahoma City, for plaintiff in error.

Rogers, Stephenson & Dickason, of Tulsa, and Finch & Finch, of Sapulpa, for defendant in error.

BAYLESS, J. Alexander Jamison, administrator of the estate of Jack Thomas, deceased, sued the Texas Company, a corporation, in the district court of Creek county, and defendant appeals from a judgment, based on the verdict of the jury, in favor of the plaintiff.

The basis for the action was the death of Thomas, alleged to have been occasioned by the negligence of the defendant under the rule of .res ipsa

loquitur. In the amended petition it is alleged:

"Plaintiff further states that he does not know the exact act or acts of negligence of the defendant that caused said explosion . . ."; and " . . . the container (and its contents) were in the sole and exclusive control and management of the defendant, its agents, servants and employees"; and "The accident is of the kind which ordinarily does not occur when due care has been exercised and the cause of the explosion is best known to the defendant"; and "Plaintiff further states that by reason of the above, under the rule of res ipsa loquitur, he is entitled to recover. . . . " (Parentheses ours.)

In the answer it is alleged, in addition to the general denial, in part, as follows:

"It admits that the ammonia container hereinabove referred to exploded, resulting in injuries to the said Jack Thomas, from which he died, but said defendant specifically denies that said explosion resulted from any negligence on its part.

"It specifically denies that said defendant was at the time of said explosion in the sole and exclusive control and management of said container, but alleges that the said Jack Thomas had prior to the time of said explosion assumed and taken custody, control and management of the same and was at the time of said explosion engaged in handling or loading said container upon the truck, and that consequently the doctrine of res ipsa loquitur has no application herein."

Thus a clear cut issue of liability under the rule of res ipsa loquitur was joined. Defendant presented other defensive issues, but the issue to be discussed revolves around this one.

Several propositions of alleged error are presented and argued, but the one relating to the error alleged to be present in the instructions is fundamental and, in our opinion, meritorious and sufficient to require reversal.

In certain instructions the trial judge was careful to advise the jury as to the unusual character of the plea of the plaintiff and the nature of the issue joined by the parties. We quote some pertinent portions thereof. In No. 2 the court told the jury this:

"In this case, gentlemen of the jury, it falls under a different rule of law than the ordinary damage suit action, and comes under that rule of law known as the doctrine of 'res ipsa loquitur' means 'the thing speaks for itself' . . ."

—and in No. 5, the court told them this:

"Gentlemen of the jury, you are told that this is rather an unusual case, the kind that seldom occurs, where there are no eyewitnesses, and comes within the category of cases falling under the doctrine of res ipsa loquitur, the Latin phrase of (res ispa loquitur) meaning 'the thing itself speaks.' "

In so doing we think the trial court acted wisely, since the issue is one not generally relied on.

However, we are of the opinion that the trial court erred in certain instructions in stating the application of the rule of res ipsa loquitur to the defendant's answer, and in stating the issues of fact left for the determination of the jury from the evidence.

In No. 5 the following language appears:

"The defendant admits that the drum exploded and that as a result of the explosion the deceased was injured and from such injuries did die in the hospital at Tulsa some 29 hours after the explosion, and while evidence was submitted on these points, the fact in respect to the explosion, the injuries to and the death of the deceased stand admitted, and there is no controversy about that, thus the plaintiff has established by evidence and admissions of the defendant a prima facie case based on the inference that the accident resulted from the negligence on part of the defendant. . . .

"As you have been told in these instructions, that by reason of the admission on part of the defendant company that the explosion occurred and the deceased was injured and died from his injuries, that alone is sufficient to create an inference of guilt of negligence on the part of the defendant, and in order

to rebut such presumption no particular degree of proof is required, but it is sufficient if such inference be met by evidence of equal or great weight."

Twice in this instruction the jury was told that the effect of the admissions in the answer of the defendant plus certain evidence introduced by the parties was to establish a prima facie case for the plaintiff and left for the consideration of the jury only the issue of whether defendant had produced evidence from which the jury could say that it had rebutted the prima facie case.

Again, in instruction No. 6, the trial judge repeated this thought in this language:

"Gentlemen of the jury, in considering your verdict in this case as suggested in the beginning of these instructions, you start in with the established fact that the accident occurred, that the drum of ammonia exploded and that as a result thereof the deceased was injured and died from his injuries, thus establishing the prima facie case in favor of the plaintiff, and against the defendant."

We see that at least three times in these two instructions the trial judge instructed the jury that a prima facie case had been made for the plaintiff and thus relieved the jury of the duty of weighing all of the evidence to see whether the plaintiff had sustained the burden that rested on him to establish facts that brought into play the rule of res ipsa loquitur.

We have said in many cases that res ipsa loquitur is based on two essentials: (1) the "thing" must be under the management or control of the defendant; and (2) the accident must be of such a character that it can be said that it would not occur but for a want of care on the part of those having its management or control. Champlin Refining Co. v. George, 182 Okla. 118, 76 P. 2d 895; Carter Oil Co. v. Independent Torpedo Co., 107 Okla. 209, 232 P. 419; J. C. Penney Co. v. Forrest, 183 Okla. 106, 80 P. 2d 640; and other cases.

The instructions quoted above are erroneous for they assume that these two essentials were admitted by the defendant's answer and in addition were made to appear conclusively from these admissions and the plaintiff's evidence. There is much evidence in the record upon the point of whether the container was still in the management or control of defendant and whether deceased had actually taken the container into his management or control. This evidence is circumstantial on both sides, since there were no eyewitnesses, and is highly contradictory, and the trial court clearly erred when he instructed the jury that a prima facie case had been made by the plaintiff from the evidence.

We have quoted the pertinent portion of the defendant's answer, and casual reading of its discloses that the trial court erred when he instructed the jury that the defendant admitted facts therein which, standing alone or taken in connection with the evidence, made a prima facie case for the plaintiff.

When the judge instructed the jury that the defendant admitted a prima facie case, or that the evidence plus the defendant's admissions amounted to a prima facie case, he in effect instructed the jury that the defendant admitted that the container was still in its management and control and the defendant admitted that the accident was such as would not have occurred but for defendant's want of care, and relieved the jury of the necessity of considering the evidence which we have spoken of, on this point.

In addition to this the trial court instructed the jury in No. 6 in this language:

" . . . In order to reach a just verdict you must first consider the question as to whether or not the deceased had taken into his possession the drum and that it exploded after he had taken it into his possession through failure on his part to use ordinary care in the handling of the drum after taking it into his possession."

The effect of this instruction was to tell the jury that, considering a prima

facie case already made by the plaintiff, the defendant could not prevail unless it showed (1) that deceased had taken the container into his possession and (2) that it exploded while in his possession as a result of his negligence.

This is incorrect. What the defendant was required to do in order to rebut the presumption raised by res ipsa loquitur was to show that the container had passed out of its possession and into the possession of the defendant. A different rule of negligence would then come into effect whereby the plaintiff would be required to establish actual negligence on the part of the defendant. When the trial judge instructed the jury that the rule of res ipsa loquitur continued in effect after deceased had taken the container into his possession, and that defendant could only excuse itself by showing that the accident occurred through some act of negligence on the part of the deceased, a burden was placed on the defendant which has no foundation in .law.

We feel that these instructions are erroneous, and are fundamental and are prejudicial, and for that reason the judgment must be, and is, reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, and ARNOLD, JJ., concur. RILEY, HURST, and DAVISON, JJ., absent.