CANADA DRY GINGER ALE, Inc., v. FISHER.

No. 33282.  Oct. 19, 1948.

Rehearing Denied November 30, 1948.

Application for Leave to File Second Petition for Rehearing Denied Jan. 4, 1949.

*201 P. 2d 245.*

Green & Farmer and Robert J. Woolsey, all of Tulsa, for plaintiff in error.

Pierce & Pierce and A. L. Brook, all of Muskogee, for defendant in error.

DAVISON, V. C. J. The defendant in error, Wayne Fisher, as plaintiff, filed this action in the district court of Muskogee county, Okla., against the plaintiff in error, Canada Dry Ginger Ale, Incorporated, as defendant, to recover for personal injuries received by him when a bottle of Canada Dry Sparkling Water exploded. The parties will be referred to as they appeared in the trial court.

Plaintiff relied entirely upon the rule of "res ipsa loquitur" to establish negligence on the part of the defendant. Judgment was for plaintiff for $1,266 based upon a jury verdict. Defendant, for reversal, urges the failure of the petition to state a cause of action and the insufficiency of the evidence to sustain the verdict and judgment. We need consider only the latter since it is decisive of the issues involved.

Plaintiff was an employee and fountain manager for a drugstore when, on the night of June 25, 1946, he had returned to the establishment to clean the kitchen. He cleaned and dusted all the stock of Canada Dry products on the shelves and then pulled a case of Sparkling Water from under the counter to replace the bottles that had been sold. He picked up four bottles, two in each hand, and, as he turned to set them down, the inside bottle in his right hand exploded, severely injuring his left arm. The case of beverage, from which the exploding bottle had been taken, was purchased in November, 1945, and was delivered about December 22, 1945, by a wholesale grocery of Muskogee, Okla., having been manufactured in the plant of the defendant at Dallas, Tex.

Plaintiff testified that he handled the bottle in the usual manner at the time of and preceding the explosion and, further, to the best of his knowledge, it had been in the case under the counter and unmolested during the six months between the time of its delivery to the store and the time plaintiff removed it. There was no testimony as to who manufactured the glass bottle or as to what treatment it received and by whom it was handled from the time it left defendant's possession until it was received by the plaintiff. The evidence of defendant went to the care used in inspecting the bottles in filling them with the beverage and in the other steps prior to their distribution.

Although this case is described as one subject to the application of the rule of "res ipsa loquitur", it is, in reality, one wherein the rule is sought to be extended, as has been done in some jurisdictions, and, as so extended, applied.

This court has adopted the definition of the original rule of res ipsa loquitur as expressed by Thompson on Negligence, vol. 8, §7635, pp. 1022-1224. It is quoted and approved in the case of Carter Oil Co. v. Independent Torpedo Co., 107 Okla. 209, 232 P. 419, wherein many cases from other jurisdictions in harmony therewith are collected and cited. It is as follows:

" 'Presumption—From the Happening of the Accident. Res Ipsa Loquitur. The rule of 'res ipsa loquitur' is a rule of evidence only. It takes more than the mere happening of an accident to set the rules in operation. It must be shown that the act was of such a character, as, in the light of ordinary experience, it is without explanation, except on the theory of negligence. The thing causing the accident must have been under the control of the defendant or his servant at the time of the accident. The doctrine proceeds on the theory that it is easily within the power of the defendant to show that there was no negligence on his part. The doctrine is an expression of an exception to the general principle that the negligence charged will not be presumed, but must be affirmatively shown. The presumption is rebuttable, and is overcome by a satisfactory explanation by the defendant. There must be some proof of negligence, for the law does not presume negligence. The rule does not obtain in cases where upon proof of the occurrence, without more, the matter

rests only in conjecture. Neither does the doctrine apply where the facts shown are equally consistent with the hypothesis that the injury was caused by the negligence of the injured person or by that of defendant, or by both combined.' "

See, also, Eastern Torpedo of Ohio Co. v. Shelts et al., 121 Okla. 129, 247 P. 974; Champlin Refining Co. et al. v. George, 182 Okla. 118, 76 P. 2d 895; Texas Co. v. Jamison, 191 Okla. 283, 129 P. 2d 85.

One of the earliest reported cases extending the above rule to beverage bottle explosion cases is that of Payne v. Rome Coca-Cola Bottling Co., 10 Ga. App. 762, 73 S. E. 1087. The court therein defines such extended application in the following language:

"Where an action is brought to recover damages for an injury caused from the explosion of a bottle, the contents of which were manufactured, bottled, and sold by the defendant, as a harmless beverage, an inference of negligence on the part of the manufacturer arises, when it is shown that all the persons through whose hands the bottle had passed were free from fault, and that the condition of the bottle and its contents had not been changed since it left the defendant's possession."

That case is the foundation of the majority of the opinions in the cases relied upon by plaintiff, most worthy of note of which are: Benkendorfer v. Garrett et al. (Tex. Civ. App.) 143 S. W. 2d 1020; Bradley v. Conway Springs Bottling Co., 154 Kan. 282, 118 P. 2d 601; and Escola v. Coca Cola Bottling Co., 24 Cal. 2d 453, 150 P. 2d 436.

Little difference exists in the statement of the extended rule in the cases cited in the briefs of both parties. The difference lies in whether or not the facts in each individual case bring it within the application thereof. It appears that in each case the rule was not applied unless "it is shown that all

the persons through whose hands the bottle had passed were free from fault and that the condition of the bottle and its contents had not been changed since it left the defendant's possession." Payne v. Rome Coca Cola Bottling Co., supra. In the instant case plaintiff introduced no proof as to how the bottle was handled from the time it left the possession of the defendant until it arrived in the drugstore where he worked. Therefore, the evidence was not sufficient to bring the case within the extension of the general rule.

In the recent case of Soter v. Griesedieck Western Brewery Co., 200 Okla. 302, 193 P. 2d 575, this court had under consideration a similar situation with reference to the exploding of a beer bottle. Therein the following statement made by the Florida court in the case of Hughs v. Miami Coca Cola Bottling Co., 155 Fla. 299, 19 So. 2d 862, was quoted and adopted:

" '. . . Some of the courts of the land have applied the rule of res ipsa loquitur to cases in which exploding beverage bottles have been involved, and have held the bottler liable in damages even though the agency causing the injury was not in his possession or control at the time of the accident. . . . But so far as we have been able to find from a study of the decisions, no court has ever held that recovery may be had in such cases, under the res ipsa loquitur doctrine, without an affirmative showing on the part of the plaintiff that after the bottle left the possession of the bottler it was not subjected to any unusual atmospheric changes or changes in temperature, or that it was not handled improperly up to the time of the explosion."

Measured by this rule, the evidence in the instant case is insufficient to warrant a recovery. The judgment is reversed and the cause remanded, with instructions to proceed in a manner not inconsistent with the views herein expressed.