## LAWTON COCA-COLA BOTTLING CO. v. SHAUGHNESSY.

No. 33355. June 28, 1949.

Rehearing Denied March 28, 1950.

Second Petition for Rehearing Denied
April 11, 1950.

*216 P. 2d 579.*

Robert B. Harbison, of Altus, for plaintiff in error.

Robinson & Oden, of Altus, for defendant in error.

HALLEY, J. On July 11, 1942, the plaintiff was operating a cafe in the city of Altus, Oklahoma, and she had an icebox in the cafe in which she kept cold drinks for sale; and on this day she ordered some Coca-Cola from the defendant, and the defendant, through its duly authorized agent, delivered the same to plaintiff's place of business, and this agent of the defendant placed the Coca-Cola in the icebox. The Coca-Cola was in capped bottles, and was the only beverage in the icebox at that particular time. Within fifteen minutes after the Coca-Cola bottles had been placed in the icebox by the agent of defendant, plaintiff went to the box and pushed back the lid to take out a bottle of Coca-Cola for a customer, and just as she reached in to pick up the bottle, a bottle exploded and a piece of glass struck plaintiff on her right cheek, necessitating her being taken to a physician, who dressed the wound. She was under the doctor's care for approximately three weeks. The injury left a small scar on her face. The plaintiff testified that she suffered from neuritis in her face, and that she lost 3 1/2 weeks from her work, and that her doctor bill was $51 and that she was forced to pay $105 for extra help; that she was out a total of $201.50.

The case was tried without a jury, and the trial court entered a judgment for the plaintiff in the sum of $750.

The plaintiff's evidence revealed nothing that would show carelessness or negligence on the part of the defendant, except that the bottle exploded and she was injured as a result thereof; so unless the doctrine of res ipsa loquitur applies in this case, the demurrer of the defendant to the evidence should have been sustained, and the sole ques-

tion to be determined in this case is whether or not the rule of res ipsa loquitur applies.

The defendant in this case relies upon the case of Soter v. Griesedieck Western Brewery Co., 200 Okla. 302, 193 P. 2d 575. In that case the plaintiff was injured by the explosion of a bottle of Stag Beer brewed by Griesedieck. Plaintiff owned and operated a sandwich shop in Oklahoma City where he sold Stag Beer. This particular order had been delivered to his place of business some three days prior to the injury, by Collins-Dietz-Morris, Distributors. The plaintiff in that action was pulling the beer bottles from the case, two bottles in each hand, and was placing them in the cooler. After he had placed several bottles in the cooler, and while still so engaged, one of the bottles exploded in his right hand, and he was injured as a result thereof. In that case, as in this, there was a trial to the court without a jury, and the trial court there entered a judgment for the defendant; but in that case the plaintiff failed to prove that the bottles had not been subjected to any unusual handling after they left the possession of the bottler. That situation does not exist in the case at bar, for the reason that the Coca-Cola bottle that exploded had only been out of the possession of the bottler for a period of 15 to 20 minutes, and there was evidence by the plaintiff that there was no handling whatsoever of the Coca-Cola from the time that it was deposited in the icebox by defendant's agent until plaintiff reached into the box to obtain a bottle of the Coca-Cola.

In line with the foregoing case is that of Canada Dry Ginger Ale, Inc., v. Fisher, 201 Okla. 81, 201 P. 2d 245. The facts in that case are distinguishable from the one at bar for the reason that there, a bottle of Canada Dry Sparkling Water exploded in the hand of the plaintiff, which bottle had been for a period of six months in the possession of the drugstore where the plaintiff was an employee and fountain manager. There was no testimony as to who man-

ufactured the glass bottle, as to what treatment it had received, or by whom it had been handled from the time it left the original bottler's possession.

While having some facts in common, the case of Texas Co. v. Jameson, 191 Okla. 283, 129 P. 2d 85, is also distinguishable from the case at bar for the reason that in that case the defendant maintained that the control of the "thing" that had exploded was under the charge and control of plaintiff's deceased and he was loading the same on a truck; while, in the case at bar, the negligence, if any, that would be placed upon the defendant by the rule of res ipsa loquitur, occurred while the bottle was under the possession and control of the defendant.

We are of the opinion that the cases of Robert Honea v. Coca-Cola Bottling Co., 143 Tex. 272, 160 A.L.R. 1445, 183 S.W. 2d 968; Bradley v. Conway Springs Bottling Co., 154 Kan. 282, 118 P. 2d 601; and Escola v. Coca-Cola Bottling Co. of Fresno, 24 Cal. 2d 453, 150 P. 2d 436, lay down the proper rule to be followed under a set of facts as are found in this case. Each of these cases involved a cola bottle, and the evidence showed that the bottles had not been subjected to any rough treatment after they left the control of the bottler.

The defendant offered sufficient evidence to have justified the trier of the facts in reaching the conclusion that there had been no negligence on the part of the defendant; but it was a question for the trier of the facts to determine whether or not the evidence offered by the defendant was sufficient to overcome the evidence of negligence by virtue of the rule of res ipsa loquitur. Escola v. Coca-Cola Bottling Co., supra. There are at least two things that could have caused this bottle to explode. One would be a defective bottle. The other would be too much gas pressure within the bottle. There could have been negligence on the part of the person whose duty it was to inspect the bottles before they were delivered to the retail trade, and

the fact that the bottle exploded is evidence that such person might have been negligent. It is also possible that the person whose business it was to put the gas into the Coca-Cola bottles might have placed too much therein. The fact that the bottle exploded is some evidence that either or both of these conditions might have existed, and the trier of the facts was justified in holding that the defendant was negligent.

It is a well-settled rule in this jurisdiction that where a jury is waived, the findings of the court are entitled to the same weight and consideration that would be given to a verdict by a jury, and if there is any evidence, including reasonable inferences, tending to support the findings, this court will not reverse the decision. Seval v. Hunt, 198 Okla. 227, 177 P. 2d 673; Braniff v. Coffield, 199 Okla. 604, 190 P. 2d 815.

 Judgment affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur. CORN, J., dissents.

Rehearing Denied March 28, 1950.

Second Petition for Rehearing Denied April 11, 1950.