Mary MICHEL, Plaintiff in Error,

v.

Joe BRANHAM, d/b/a Pepsi-Cola Bottling Company, Defendant in Error.

No. 37978.

Supreme Court of Oklahoma.

June 24, 1958.

Landrith & McGee, Tulsa, for plaintiff in error.

Dan A. Rogers of Rhodes, Crowe, Hieronymus & Holloway, Philip N. Landa, Tulsa, for defendant in error.

DAVISON, Justice.

This is an action brought by Mary Michel, plaintiff, against Joe Branham, do-

ing business as Pepsi-Cola Bottling Company, to recover damages sustained to her right hand when a bottle of Pepsi-Cola burst in her hand. Defendant is the bottler and distributor of the beverage. Cartons of Pepsi-Cola containing the bottle in question were sold by him and delivered to a Safeway store in the City of Tulsa. Plaintiff purchased the bottle in question from the store.

In her petition plaintiff charges no specific act of negligence against the defendant. She relies solely upon the doctrine of res ipsa loquitur in order to establish negligence. In her petition she alleges the above facts and in addition thereto that the bottle containing the Pepsi-Cola after it left the possession of defendant, and while in her hands up to the time of the explosion, was in the same condition in which it was while in the hands of defendant and had not been subjected to any unusual changes in temperature or atmospheric conditions after it left defendant's possession up to the time the explosion occurred.

The trial court at the close of the evidence on motion of defendant directed the jury to return a verdict in his favor. The jury as directed returned a verdict in favor of defendant. Plaintiff's motion for new trial was overruled and judgment was entered on the verdict in favor of defendant.

■ Plaintiff appeals and in her proposition number one contends:

"While as a general rule the doctrine of res ipsa loquitur cannot be invoked where the instrumentality is not under the exclusive control of the defendant at the time of the injury, the doctrine may nevertheless be applied where there is an affirmative showing on the part of the plaintiff that the instrumentality causing the injury was not subjected to any extraneous harmful force while in the hands of the plaintiff or third parties after the instrumentality leaves the hands of the defendant."

We think the above statement constitutes a fair statement of the res ipsa loquitur rule. Texas Co. v. Jamison, 191 Okl. 283, 129 P.2d 85. However, in our opinion the evidence offered by plaintiff does not bring the case within the exception of the rule relied upon.

Plaintiff, in substance, testified: She is a resident of the City of Tulsa and resides at 3538 South Indianapolis. On July 7, 1956, at about 4 P.M. she went to the Safeway Store in question to buy a week's supply of groceries. She drove to the store in a Chevrolet two-door Sedan. She parked near the store and entered the store and picked her groceries together with a carton of Pepsi-Cola containing six bottles which were placed in a store cart and wheeled to the checking counter where the groceries were checked and placed in a sack. The carton of Pepsi-Cola, however, was not placed in this sack. One of the employees of the store then carried the sack of groceries and the carton containing the Pepsi-Cola to plaintiff's car, placed the sack of groceries in the front end of the car and the carton of Pepsi-Cola in the rear end of the car. She then drove home and parked her car in the parkway. She removed the sack containing the groceries to her kitchen but left the bottles containing the Pepsi-Cola in the rear end of the car. The day she purchased the groceries was a hot summer July day. After she removed the groceries from the car she prepared dinner for the family and after dinner washed the dishes. The carton of Pepsi-Cola during all this time remained in the car. After 7:30 P.M. of that day she re-entered the car and started driving to a summer camp to get one of her daughters. The carton of Pepsi-Cola remained in the car. While traveling over the streets of the City of Tulsa about four blocks east of a point where Thirty-sixth Street intersects with Harvard she heard bottles in the rear end of the car rattling. When she arrived at a red light at the intersection she stopped and looked back and saw that the container had tipped over and one bottle was lying on the floor of the car. She reached back to pick up the bottle with the intention of

placing it back into the carton but as she did so the bottle exploded in her hands. She then went to a nearby drug store and received first aid treatment. She was thereafter taken to a hospital where she received medical treatment and a minor operation. The explosion severed the tendon in her right thumb resulting in permanent loss of use of the thumb and otherwise damaging her hand.

Mr. Bales, manager of the Safeway Store, in his testimony described in detail the construction of the building and its dimensions. It was air conditioned and its floor was constructed of tile. The witness further testified that it was the custom of the Safeway Store to order cartons of Pepsi-Cola from defendant, who was the bottler and distributor of the beverage. The store received Pepsi-Cola twice a week from the route salesman, in wooden cases containing four 6-bottle aluminum cartons which the route salesman placed in the store room. That the store was selling about 200 cases a week. The cartons were removed from the cases and transferred on a truck by the stock boy to the display counter in the salesroom of the store and stacked seven cases high on the display counter. Customers of the store desiring to purchase Pepsi-Cola picked one of the cartons from this stack and thereafter conveyed it to their homes. The witness described in detail the manner in which the cartons containing the Pepsi-Cola were handled from the time it arrived at the store until it was passed on to the customer and described in detail all the persons who had in any manner handled the cartons while in the possession of the store.

Defendant offered evidence tending to rebut the alleged negligence arising out of the doctrine of res ipsa loquitur. He offered testimony that before the beverage was placed in the bottles the bottles were traced from the factory up until the time they reached his hands. Numerous and various tests were made to determine whether the bottles had been properly made and manufactured. Those that were proved defective were cast aside and those which proved to be perfect were retained; that the cartons reached the Safeway Store in good condition; that they were delivered to the store in the manner as testified to by the manager of the store.

This, in substance, constitutes the evidence in the case. Plaintiff contends that it is sufficient to make out a prima facie case of negligence against defendant and sufficient to take the case to the jury on such issue and that the trial court therefore erred in directing the jury to render a verdict in favor of defendant. We do not agree. In Soter v. Griesedieck Western Brewery Co., 200 Okl. 302, 193 P.2d 575, 576, 4 A.L.R.2d 458, we held:

"The doctrine of 'res ipsa loquitur' is inapplicable to the bursting of a bottle of beer after it has passed from the bottler into the hands of third parties, where the record is silent as to how the beer is handled after it leaves the possession of the bottler."

In that case it appears that a retailer in beer purchased a case of beer from defendant, who was a bottler and distributor of beer. As he opened the case and attempted to take out several bottles one of the bottles exploded in his hand. He thereafter brought an action in damages against the bottler and distributor of the beer to recover damages for the injury so sustained. There was little, if any, evidence in that case tending to show the manner in which the beer was handled after it left the possession of the bottler and distributor and came into the hands of plaintiff. The trial court entered judgment in favor of defendant. This court on appeal affirmed the judgment. The court, after announcing the rule above stated, further stated:

"Some of the courts of the land have applied the rule of res ipsa loquitur to cases in which exploding beverage bottles have been involved, and have held the bottler liable in damages even though the agency causing the injury was not in his possession or control at the time of the accident. * * * But so far as we have been able to find

from a study of the decisions, no court has ever held that recovery may be had in such cases, under the res ipsa loquitur doctrine, without an affirmative showing on the part of plaintiff that after the bottle left the possession of the bottler it was not subjected to any unusual atmospheric changes or changes in temperature, or that it was not handled improperly up to the time of explosion."

See, also, Canada Dry Ginger Ale, Inc., v. Fisher, 201 Okl. 81, 201 P.2d 245; Carter Oil Co. v. Independent Torpedo Co., 107 Okl. 209, 232 P. 419; Annotation, 4 A.L.R. 2d 467.

Under the above authorities the burden was upon plaintiff, in order to recover, to show that the bottle of Pepsi-Cola in question after it came into her possession was in the same condition it was while in the hands of defendant; that it was not subjected to any unusual atmospheric or temperature changes and was not handled improperly up to the time of the explosion. We do not think she has met that test.

■ We think this evidence on the part of plaintiff affirmatively establishes that after the bottle left the possession of defendant and came into her hands it was subjected to unusual atmospheric or temperature changes and that it was improperly handled while in her hands at the time of the explosion, and that the trial court ruled correctly in directing a verdict in favor of defendant.

Plaintiff in her second proposition contends:

"In Qualifying his case under the exception to the general rule under the doctrine of res ipsa loquitur, the plaintiff is not required to exclude all other persons who might possibly have been responsible, but has the burden only of establishing under the evidence that the defendant's negligence appears to be the more probable explanation of the accident, and this is ordinarily a question for the jury."

We think this statement constitutes a correct statement as an abstract proposition of law. However, since we have held that plaintiff under her own evidence is not entitled to recover we deem it unnecessary to further discuss this question.

We conclude that the trial court ruled correctly in entering judgment in favor of defendant.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.