HARDY, Judge.
This is a suit by husband and wife for damages in the nature of medical expenses and personal injuries. From judgment in favor of plaintiff husband in the principal sum of $13.00 and in favor of plaintiff wife in the principal sum of $300.00, defendant has appealed.
Plaintiffs cause of action rests upon the alleged failure of a paper carton containing six king-size bottles of Coca-Cola. Plaintiff testified that as she left the store after purchasing the six-bottle carton of the beverage the bottom of the carton gave way causing the bottles to fall to the cement floor of the porch of the store. The bottles exploded and a piece of glass inflicted a cut on the-right leg of plaintiff wife, Mary J. Smith.
Before this court counsel for defendant has assigned error against the finding of the trial court that the plaintiff sustained the burden of proof in establishing that the bottom fell out of the carton, and further in the finding that defendant was guilty of negligence.
We find no merit in either of the contentions urged. The testimony of the plaintiff, Mary J. Smith, with reference to the factual circumstances connected with the occurrence of the accident is uncontra-dicted. We are fully aware of the established principle of law that the testimony of plaintiffs in cases of this nature must be carefully scrutinized, but we find nothing with respect to the testimony of the plaintiff in this case which would cast doubt upon its validity. Counsel argues that plaintiff’s positive testimony as to the failure of the carton was not corroborated by the other witnesses who were present. It must be pointed out that none of these witnesses actually saw the occurrence of the accident, and examination of their testimony does not disclose any substantial contradiction of plaintiff’s testimony.
As to the contention that plaintiff failed to prove negligence on the part of defend *741 ant, we fail to find any indication from the evidence as to any other cause for the failure of the carton than the negligence of defendant.
The material facts of the instant case are remarkably similar to those considered in James v. Childs, Division of Kroger Co. (La.App. 3rd Cir., 1964), 166 So.2d 77, in which plaintiff was awarded judgment.
In our opinion the record clearly supports the judgment appealed from, and, accordingly, the same is affirmed at appellant’s cost.