Joe D. CRESWELL, Special Administrator of the Estate of Jimmy David Creswell, Deceased, and as Father and Next Friend of Jimmy David Creswell, Deceased, Appellant,

v.

TEMPLE MILLING COMPANY, an Oklahoma Corporation, and Travelers Insurance Company, a Connecticut Corporation, Appellee.

No. 43552.

Supreme Court of Oklahoma.

April 11, 1972.

Rehearing Denied Aug. 1, 1972.

Rinehart, Morrison, Cooper & Stewart, and Schwoerke & Schwoerke, Oklahoma City, for appellant.

Glenn H. Grubb, Monnet, Hayes, Bullis, Grubb & Thompson, Oklahoma City, for appellee.

McINERNEY, Justice.

On Certiorari to the Court of Appeals, we must decide whether to allow reliance on the doctrine of res ipsa loquitur when only a specific act of negligence is alleged, and if so, whether the doctrine is available to a party injured in a single vehicle accident. Also, we must decide the propriety of joining a motor carrier's insurer as defendant when the accident occurs outside the State of Oklahoma.

Jimmy David Creswell, 16 year old son of Joe D. Creswell, plaintiff, died from injuries received in a motor vehicle accident in South Dakota. At the time, the son was a passenger in a tractor-trailer truck owned by Temple Milling Company, a defendant, and driven by Carl Creswell, an uncle of decedent. Larry Spaulding, another young nephew of Carl Creswell, was also a passenger in the truck. Plaintiff, as Special Administrator of his son's estate and as father and next friend of his son, brought this negligence action to recover for wrongful death of his son, for loss of services and companionship of his son, and for mental pain and suffering caused by loss of his son. Temple's liability insurer, Travelers Insurance Company, was joined as a defendant under statutory provisions regulating motor carriers.

When the accident occurred, Carl Creswell was employed as a truck driver by Temple. A few days before the accident, Carl Creswell and the two boys had departed Temple, Oklahoma, with a load of watermelons for delivery to a chain of grocery stores upon directions to be received in Minneapolis, Minnesota. After a request from the boys, Carl decided to take them on the trip because they could keep him awake and help unload watermelons. Following delivery of the watermelons in Minnesota and Wisconsin, Temple directed Carl to pick up a load of grain in Orient, South Dakota. Shortly after loading and

leaving Orient, the truck went off the road on the right and turned over.

Plaintiff's only allegation of negligence was that the driver allowed the truck to run off the road and overturn when he looked away from the direction of travel. During the trial, plaintiff introduced the deposition testimony of Carl Creswell, the driver, and Larry Spaulding, the surviving passenger, to establish the cause of the accident. At the conclusion of plaintiff's evidence, he moved to amend his petition to conform to the proof for the purpose of invoking the doctrine of res ipsa loquitur. The trial court overruled this motion and then sustained separate demurrers to plaintiff's evidence.

On appeal by the plaintiff, the case was assigned to the Court of Appeals, Division No. 2. The Court of Appeals reversed and remanded for a new trial, holding that: (1) without amendment, plaintiff's petition was sufficient for application of the doctrine of res ipsa loquitur; (2) under the facts of this case, the doctrine should have been applied; and (3) Temple's insurer had been properly joined as a defendant. Defendants petition for certiorari. Since we believe the pleading issue requires additional clarification, we grant the petition for certiorari, but affirm the decision of the Court of Appeals.

Initially, we must determine whether plaintiff's petition was sufficient to allow him to rely on the doctrine of res ipsa loquitur. In our opinion, plaintiff's only allegation of negligence was a specific allegation that Temple's driver looked away from the direction of travel. Our prior decisions conflict on whether alleging only specific acts of negligence precludes reliance on the doctrine of res ipsa loquitur.

■ Approving application of the doctrine notwithstanding specific allegations of negligence in J. C. Penny Company v. Forrest, 183 Okl. 106, 80 P.2d 640 (1938), the Court pointed out that the doctrine of res ipsa loquitur is a rule of evidence, not a rule of pleading. In Independent Eastern Torpedo Company v. Gage, 206 Okl. 108, 240 P.2d 1119 (1951), plaintiff Gage alleged that defendant Company's employees allowed constituent parts of nitroglycerin to become overheated causing an explosion of 600 quarts of the mixture and resulting in damage to her house. Though plaintiff Gage's petition alleged only this specific act of negligence, the Court allowed the plaintiff to rely on the doctrine of res ipsa loquitur. 206 Okl. at 112, 240 P.2d at 1123.

■ Defendants cite Bewley v. Western Creameries, 177 Okl. 132, 57 P.2d 859 (1936), and stress the syllabus by the Court, for the proposition that the doctrine of res ipsa loquitur is not applicable where specific acts or omissions are relied upon to establish negligence. The efficacy of the syllabus in *Bewley*, like in any other case, depends entirely upon the circumstances of the case on which the syllabus is intended to properly effect. *Bewley* involved a collision between an automobile and a truck in the automobile's lane of traffic when the truck crossed the center of the highway; the present case involves a single vehicle leaving the road on the right side. *Bewley* did not discuss the violation of the statutory rule of the road, Section 10327, O.S.1931, requiring vehicles to "keep to the right of the center of the road," which identical violation, 47 O.S. 1951, § 121.4(f) (1), in similar circumstances was held to be prima facie evidence of defendant's negligence in Garner v. Myers, Okl., 318 P.2d 410 (1957). A jury verdict was affirmed on appeal in *Bewley;* a jury was denied the opportunity to consider the evidence in the present case. In short, *Bewley* appears to conflict with *Garner,* and neither have application to the present case. Compare McAlester Coca-Cola Bottling Company v. Lynch, Okl., 280 P.2d 466 (1955) and Lawton Coca-Cola Bottling Company v. Shaughnessy, 202 Okl. 610, 216 P.2d 579 (1950) for the varying application of the doctrine of res ipsa loquitur to exploding bottles as being dependant on evidence rather than pleadings. 280 P.2d at page 470.

■ There is also a difference of opinion among the various jurisdictions as to whether specific allegations of negligence preclude reliance on the doctrine of res ipsa loquitur. Annotation, 2 A.L.R.3d 1335. However, the trend of recent decisions is to allow reliance on the doctrine despite only specific allegations of negligence. 2 A.L.R.3d at 1356, § 8(a). This we believe to be the better rule. When an appropriate factual situation is established, the purpose of the doctrine of res ipsa loquitur is to permit the jury to infer negligence. The doctrine is a rule of evidence and not a rule of pleading. If a plaintiff proves a factual situation which warrants application of the doctrine, then he should be allowed to rely on the doctrine. Therefore, we hold that the allegation of specific acts of negligence only does not preclude reliance on the doctrine of res ipsa loquitur. Plaintiff's petition was sufficient without amendment to permit him to rely on the doctrine of res ipsa loquitur.

■ With the pleading issue resolved, we must now decide if this case presents a factual situation appropriate for application of the doctrine of res ipsa loquitur. Application of the doctrine is proper when an instrumentality under the control of a defendant causes an injury which ordinarily would not have occurred in the absence of negligence. St. John's Hosp. & School of Nursing, Inc. v. Chapman, Okl., 434 P.2d 160 (1967); Threadgill v. Anderson, Okl., 303 P.2d 297 (1956); Independent E. Torpedo Co. v. Gage, 206 Okl. 108, 240 P.2d 1119 (1951). According to a large majority of jurisdictions, if these requirements for application of the doctrine are present, the doctrine is available in motor vehicle accident cases that involve single vehicles which leave the road and cause injuries or damages. Annotation, 79 A.L.R.2d 6, 18.

In Threadgill v. Anderson, Okl., 303 P.2d 297 (1956), the Court applied the doctrine of res ipsa loquitur to a factual situation where the deposition testimony of plaintiff's decedent failed to establish the specific act or acts of defendant's decedent which caused the automobile to run off the road into the ditch. Likewise, in Bullington v. Farmer's Tractor and Implement Company, 230 Ark. 783, 324 S.W.2d 517 (1959), the doctrine was applied where an automobile doing about 50 miles per hour on a good hard surface road ran off the road; and, in Rupe v. Smith, 181 Kan. 606, 313 P.2d 293 (1957), the doctrine was held to be applicable when the deceased was sleeping at the time the automobile was driven off the road into a concrete embankment. *Accord,* Wireman v. Salyer, Ky., 336 S.W.2d 349 (1960) (Small truck traveling 35 to 40 m. p. h. went off road, through field and turned over.).

■ Based on the authorities we have discussed, we hold that it is permissible to apply the doctrine of res ipsa loquitur to a single vehicle accident if the vehicle was under the control of defendant and the accident is one that normally would not happen unless defendant was negligent. Thus, a review of the evidence is necessary to determine if the facts of this case satisfy the requirements for application of the doctrine of res ipsa loquitur.

■ The surviving passenger, Larry Spaulding, testified that he was in the sleeper opening vents and that he didn't know how the accident happened or what caused it. However, he did testify that the truck was "barely moving" at the time. The driver, Carl Creswell, testified that he "couldn't have been doing over 20 mile an hour at the very best," that the road was a straight, two-lane blacktop with a gradual grade, that the shoulders were narrow, grassy and steep, and that there was no approaching traffic. He also testified that, just prior to the accident, he thought he was having a flat or could see a wheel wobbling, that he was trying to check his tires through rear view mirrors, and that the next thing he remembered was someone trying to pull him from the truck. No other evidence was introduced to establish the cause of the accident.

In our opinion, the facts of this case satisfy the conditions necessary for application of the doctrine of res ipsa loquitur. Without question, the truck was under the control of defendant Temple's driver. Under the circumstances, speed of 20 miles per hour or less on a straight road with no approaching traffic, a truck does not ordinarily leave the road and overturn unless someone, usually the driver, is negligent. Therefore, we hold that plaintiff is entitled to rely on the doctrine of res ipsa loquitur.

■ One other issue remains to be resolved. Defendants argue that Temple's insurer was improperly joined as a defendant under our motor carrier laws because the accident occurred in South Dakota. In their answer brief, defendants concede that Travelers could have been joined as a defendant under the provisions of 47 O.S. Supp.1965, § 169, as interpreted by decisions of this Court, if the accident had occurred in Oklahoma. Considering the substantial contacts with the State of Oklahoma, we do not believe the out-of-state location of the accident precludes joinder of Temple's insurer under 47 O.S.Supp.1965, § 169. Temple is an Oklahoma corporation, and plaintiff is a resident of Oklahoma. At the time of the accident, plaintiff's decedent, Temple's driver and the surviving passenger were residents of Oklahoma. The trip originated in Oklahoma and was to terminate in Oklahoma. The policy did not exclude recovery for liability for an accident occurring outside Oklahoma. Under similar factual circumstances, in Utilities Insurance Company v. Potter, 188 Okl. 145, 105 P.2d 259 (1940), the Court rejected an identical contention urged to defeat coverage under a policy issued to comply with a predecessor of 47 O.S.Supp.1965, § 169. Consequently, we hold that Travelers was properly joined as a defendant under the provisions of 47 O.S.Supp.1965, § 169.

The decision of the Court of Appeals is affirmed. The case is remanded to the trial court for a new trial.

DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN, HODGES, LAVENDER and BARNES, JJ., concur.