Elizabeth J. GREEN, Appellee,

v.

SAFEWAY STORES, INC., Appellant.

No. 46591.

Supreme Court of Oklahoma.

April 15, 1975.

Rehearing Denied Oct. 21, 1975.

Thomas W. Woody and William S. Murphy, Jr., Oklahoma City, for appellee.

Ronald L. Howland, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, for appellant.

IRWIN, Justice:

Elizabeth Green (Appellee) instituted an action against Safeway Stores, Inc. (Appellant), to recover damages for injuries she sustained when a soft drink she had purchased at appellant's store exploded. Appellee's action was based on theories of negligence, of breach of implied warranty, and of strict liability in tort. The jury returned a verdict for appellee and judgment was rendered thereon. Appellant appealed.

On assignment to the Court of Appeals, the judgment was affirmed. Appellant seeks certiorari.

Appellee purchased a six-bottle carton of 12-ounce soft drinks at appellant's store. She left the store carrying the carton by its handle, crossed the street, and was waiting for a traffic signal when the accident allegedly occurred.

Appellee alleged that the six-bottle carton collapsed, due to its defective, worn and substandard condition, causing one of the bottles therein to fall to the pavement and explode resulting in her serious and permanent injuries.

Appellee testified that, "I heard this crash or whatever you want to call it and I felt a sting, and I felt my foot and shoe get wet and I looked down and I was cut and there was a piece of glass laying on the ground and I hollered * * *."

The evidence reveals that four or five of the six bottles remained in the carton after the one bottle fell out. No evidence was presented to sustain a finding that the bottle exploded prior to the time it fell on the pavement and appellee did not so allege. Therefore, if any defective product was the proximate cause of appellee's injury, it was the carton in which the bottles were carried and not the bottle that fell from the carton or the contents thereof.

Appellee testified that she had no indication or prior warning that anything was going to happen; that she did not misuse the carton, swing the carton, or do anything that would cause the bottle to fall. Appellee presented nothing further concerning the incident. The carton itself was not introduced and the record is barren of any evidence that the carton collapsed, was worn or of substandard material, or that the bottle fell out of the carton because of any defective condition.

Trial was had prior to the promulgation of *Kirkland v. General Motors Corp.* (1974), Okl., 521 P.2d 1353. Although the decision in *Kirkland* was prospective, we said it may "likewise be applied by the ap-

pellate courts in cases which have been tried and are for decision on appeal where it would not prejudice the rights of the litigants."

Appellee states in her brief that in view of the pleadings and evidence the rules set forth in *Kirkland* are applicable in the case at bar. We find no reason why *Kirkland* should not be dispositive of this appeal.

Appellant contends the trial court erred in overruling its demurrer and motion for a directed verdict; since no evidence was presented that the carton was defective, there was no issue for the jury's determination.

Appellee contends ample evidence was presented for the submission of the case to the jury on the theory of breach of implied warranty and manufacturers' product liability. Appellee argues that in *Marathon Battery Company v. Kilpatrick* (1965), Okl., 418 P.2d 900, wherein a battery exploded, our Court said that the liability of a manufacturer is established when it is shown that the plaintiff was injured by an explosion when using the product for its intended purposes. Appellee also cites *Kirkland*, supra, for the proposition that a plaintiff may prove his cause of action in manufacturers' product liability by circumstantial evidence and inferences drawn therefrom, since actual or absolute proof of the defect in a sophisticated product may be within the peculiar knowledge or possession of the defendant.

In *Kirkland* we said that in adopting manufacturers' products liability that the injury is not of itself proof of the defect, or that the proof of the injury shifts the burden to the defendant. We said in *Kirkland*, supra, at 1363 of 521 P.2d:

"First of all Plaintiff must prove that the product was the cause of the injury; the mere possibility that it might have caused the injury is not enough.

"Secondly, Plaintiff must prove that the defect existed in the product, if the action is against the manufacturer, at the time the product left the manufactur-

er's possession and control. *Thompson v. Trane Co.*, Okl., 500 P.2d 1329 (1972). If the action is against the retailer or supplier of the article, then the Plaintiff must prove that the article was defective at the time of sale for public use or consumption or at the time it left the retailer's possession and control.

"Thirdly, Plaintiff must prove that the defect made the article unreasonably dangerous to him or to his property as the term 'unreasonably dangerous' is above defined."

We defined "unreasonably dangerous" at 1362 of 521 P.2d as:

"The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics."

The cases relied upon by appellee to sustain her contention contained ample evidence for the submission of those cases to jury on the theory of breach of warranty and manufacturers' product liability but they are distinguishable. In those cases, there was sufficient evidence to sustain a finding that a defective bottle or a defective carton containing the bottles was the proximate cause of plaintiff's injuries. As an example, in *Pittsburg Coca-Cola Bottling Works v. Ponders,* (Tex.), 443 S.W.2d 546, a soft drink exploded while plaintiff was preparing to put it in a cooler and the evidence supported a reasonable inference that the bottle was defective. Also, *Coca-Cola Bottling Company of Houston v. Hobart,* (Tex.Civ.App.), 423 S.W.2d 118, involved a case where plaintiff started to open a soft drink with an ordinary opener and the neck of the bottle suddenly broke. The court found the proof of the defect in the bottle was clear enough; that plaintiff had not misused the bottle, and had exerted only slight pressure upon the bottle with the opener at the time she attempted to open it; and the bottle broke and she sustained her injuries.

*Corbin v. Camaden Coca-Cola Bottling Co.,* 60 N.J. 425, 290 A.2d 441, involved a carton of four 16-ounce Coca-Colas. Plaintiff testified that he picked up the carton and was in a crouched position when the following occurred:

"As I started to lift it, (the carton), something didn't seem exactly right and I looked down toward it and about that time the bottle burst * * *."

The plaintiff in Corbin produced an expert witness, and in answer to a hypothetical question based on the evidence, that witness was of the opinion that the carton was defective in one of two respects: "Either there was a tear on the bottom of the carton, such as to enable the bottle to slip from the carton, or else the bottom of the carton was wet * * *." He said that his tests showed that a carton would have a dry-tear strength of six pounds and a wet tear strength of two pounds. In response to special interrogatories submitted by the trial court, the jury found that there was a defect in the carton which was the proximate cause of Corbin's injuries.

In *Holkestad v. Coca-Cola Bottling Company,* 288 Minn. 249, 180 N.W.2d 860, plaintiff purchased the soft drinks, placed them in her car and after she had driven home and attempted to pick the bottles up, one bottle exploded. There was evidence tending to establish the bottle was defective. The court said that where plaintiff "ha[d] proved that he was injured by a product claimed to have been defective, and where the claimed defect is such that there is circumstantial evidence from which it can be inferred that it is more probable than not that the product was defective when it left defendant's hands, absent plaintiff's own want of care of misuse of the product, there is an evidentiary basis for submitting the issue of liability to the jury on both the theory of negligence and strict liability in tort."

Appellee argues that it is common knowledge that bottles do not fall from properly made cartons which are not mishandled; and the inescapable conclusion is a bottle fell from the six-pack carton.

Although the evidence establishes that the bottle fell from the carton and exploded when it hit the pavement, and injured plaintiff, these facts were not proof of a defect in the carton and did not shift the burden upon appellant to prove that no defect existed. The carton was not a sophisticated product, but a simple carton made for the purpose of carrying soft drinks. There is no competent evidence whatsoever, direct, circumstantial, or otherwise that would sustain a finding that there was a defect in the carton or that any defect in the carton was the proximate cause of appellee's injuries. In this connection, the doctrine of res ipsa loquitur cannot be invoked until, as a preliminary proposition, a plaintiff establishes what caused the accident. *Furr v. McGrath,* Okl., 340 P.2d 243 (1959). Also, the doctrine of res ipsa loquitur was not presented to the trial court and appellee does not rely on such doctrine on appeal to sustain the judgment of the trial court.

Where a defendant demurs to the evidence and requests a directed verdict, this Court will examine the record, and if, upon examination it is found that there is no evidence reasonably tending to support the verdict and judgment for plaintiff, such judgment will be reversed. *Safeway Store v. Dobbs* (1967), Okl., 424 P.2d 55.

The trial court erred in failing to sustain defendant's demurrer to the evidence and request for a directed verdict.

Certiorari granted; decision of Court of Appeals and judgment of the trial court reversed.

WILLIAMS, C. J., and DAVISON, BERRY, BARNES and SIMMS, JJ., concur.

HODGES, V. C. J., and LAVENDER and DOOLIN, JJ., dissent.

HODGES, Vice Chief Justice (dissenting).

The case was submitted to the jury under the theories of negligence and breach of implied warranty, but the majority opinion applies the principles of manufacturers

products liability, as enunciated in *Kirkland v. General Motors Corp.,* 521 P.2d 1353 (Okl.1974). Since this case was tried before our promulgation of the Kirkland case which was made prospective only, and was not tried or presented to the jury on the theory of strict liability, the Kirkland case should not be applicable. But, in any event, under any of the theories, the result should be the same and the judgment of the trial court affirmed.

The opinion of the majority in effect penalizes the appellee for failure to have the presence of mind to retrieve the carton in contemplation of recovering for her injury. The majority opinion states: "There is no competent evidence whatsoever, direct, circumstantial, or otherwise that would sustain a finding that there was a defect in the carton or that any defect in the carton was the proximate cause of appellee's injuries." We do not agree. This concept is negated by *Marathon Battery Company v. Kilpatrick,* 418 P.2d 900 (Okl.1966), where we held that the party was not required to show that the incident which resulted in the injury was due to defects in the battery, but rather that it was not mishandled after it came into the injured party's possession.

The doctrine of res ipsa loquitur is recognized in Oklahoma. It is a rule of evidence, not of pleading. Allegations of specific acts of negligence only does not preclude reliance upon the doctrine. The purpose of the doctrine is to aid the plaintiff to make a prima facie case of negligence on the part of the defendant by permitting the trier of the facts to infer negligence on the part of the defendant as a legitimate deduction of fact from fundamental facts established by direct evidence. This is based on the theory that the common experience of men apprises one that in such a situation and in the ordinary course of events, the injury and damage complained of would not have occurred in the absence of negligence on the part of the defendant. *J. C. Penney Co. v. Eubanks,* 294 F.2d 519 (C.A. 10th Cir. 1961); *Creswell v. Temple*

*Mill Co.,* 499 P.2d 421 (Okl.1972), *St. John's Hospital and School of Nursing, Inc. v. Chapman,* 434 P.2d 160 (Okl.1967).

One of the foundation facts which must be established by the evidence as a prerequisite to bring the case within the res ipsa loquitur doctrine is what thing caused the injury. *Holland v. Stacy,* 496 P.2d 1180 (Okl.1970). The evidence clearly establishes the inference the bottle fell from the carton and exploded when it hit the pavement.

Where the specific act of negligence causing the injury cannot be shown by the plaintiff and where the agencies out of which negligence arises were within the exclusive control of the defendant, the plaintiff is neither required to allege nor prove any specific act of negligence. In such case, where the thing which caused the injury is shown to be under the management of the defendant or his employees, and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence in the absence of explanation by defendant that the accident arose from want of care. *Southwest Ice & Dairy Products Co. v. Faulkenberry,* 203 Okl. 279, 220 P.2d 257, 259 (1950).

Where there is competent evidence that a thing which was under the exclusive management and control of the defendant caused the injury, the burden may be placed upon defendant to rebut the inference that the injury would not have occurred except for the defendant's negligence. *Downs v. Longfellow Corp.,* 351 P.2d 999 (Okl.1960).

The control of instrumentalities causing the accident required under the doctrine of res ipsa loquitur means something more than actual possession and use at the time of the accident. It must include that previous management and control which is responsible for the fitness of the instrumentality for its intended use. *Laffoon Oil Co. v. Flanagan,* 330 P.2d 194 (Okl.1958).

Generally, the doctrine of res ipsa loquitur cannot be invoked where the instrumentality in question is not under the exclusive control of the defendant at the time of the injury. The doctrine may nevertheless be applied where there is an affirmative showing on the part of the plaintiff that the instrumentality causing the injury was not subjected to any extraneous harmful force while in the hands of the plaintiff or third parties after the instrumentality left the hands of the defendant. *Michel v. Branham,* 327 P.2d 440, (Okl.1958). This is the mismanagement test set forth in *Marathon* and as applied in *Kirkland.*

There need only be substantial evidence tending to show that the accident was not due to causes arising after defendant lost control of the bottle. *Beuttenmuller v. Vess Bottling Company of St. Louis,* 447 S.W.2d 519, 527 (Mo.1969).

In a bottle explosion case, where the bottles had been left in the same container for several hours after the sale before the accident happened, the court in *Johnson v. Louisiana Coca-Cola Bottling Co.,* 63 So.2d 459, 463 (La.App.1953), applied the same rule as set forth in the Oklahoma case of *Michel v. Branham,* supra.

" * * * The doctrine (of res ipsa loquitur) has been extended and reasonably so, to that class of cases where the instrumentality causing the damage is in the actual possession of the plaintiff, but is considered to be in the constructive control of the defendant, because sufficient proof has been adduced revealing that it was in the same condition as when it left defendant's possession. * * * "

The uncontroverted facts in the case at bar were: Appellee entered the store; picked up a carton containing six 12 Oz. glass bottles containing Seven-Up, ice, and left the store; she crossed the street to wait for a traffic light to change; she heard a pop, felt a sting, and the next thing she knew she felt wet, looked down and saw that she was cut and bleeding.

These facts are virtually identical to the case of *Smith v. Ouachita Coca-Cola Bottling Company, Inc.,* 184 So.2d 740, 741 (La.App.1966). In that case, as in this, the appellants urged that the appellant failed to sustain the burden of proof in establishing that the bottom fell out of the carton or that the defendant was guilty of negligence.

In the *Smith* case, plaintiff's cause of action rested upon the alleged failure of a paper carton containing six king-size bottles of Coca-Cola. Plaintiff testified that as she left the store after purchasing the six-bottle carton of the beverage the bottom of the carton gave way causing the bottles to fall to the cement floor of the porch of the store. The bottles exploded and a piece of glass inflicted a cut on her right leg.

The court held:

"We find no merit in either of the contentions urged. The testimony of the plaintiff, with reference to the factual circumstances connected with the occurrence of the accident is uncontradicted. We are fully aware of the established principle of law that the testimony of plaintiffs in cases of this nature must be carefully scrutinized, but we find nothing with respect to the testimony of the plaintiff in this case which would cast doubt upon its validity. Counsel argues that plaintiff's positive testimony as to the failure of the carton was not corroborated by the other witnesses who were present. It must be pointed out that none of these witnesses actually saw the occurrence of the accident, and examination of their testimony does not disclose any substantial contradiction of plaintiff's testimony.

"As to the contention that plaintiff failed to prove negligence on the part of defendant, we fail to find any indication from the evidence as to any other cause for the failure of the carton than the negligence of defendant."

The fact that there are multiple defendants in an action against the manufacturer, distributor and retailer of a soft drink by an ultimate consumer for an injury sustained upon an explosion of a bottle, and that each of them had control of the instrumentality which caused the injury during successive periods does not preclude the applicability of the doctrine of res ipsa loquitur. *Nichols v. Nold*, 174 Kan. 613, 258 P.2d 317, 38 ALR 2d 887 (1953). The real test is whether defendant is in control at the time the negligent act or omission causing the accident occurred.

The Maryland Supreme Court recently found a self-service retailer liable for injuries inflicted on a customer as a result of the explosion of a coke bottle while he was carrying a six-pack from a storage bin to a shopping cart. The court ruled that the doctrine of res ipsa loquitur was applicable to the retailer, and that it was only necessary that a customer show a greater likelihood of his injury from the retailer's negligence than from any other cause. The bottler was not held liable because the evidence showed no defect in manufacture. *Giant Food Inc. and Marilyn Seigel Sheepskin, Pers. Rep. of Nathan Seigel v. Washington Coca-Cola Bottling Co., Inc.,* Maryland Court of Appeals No. 93, 332 A.2d 1, 1975.

Courts have held that the sale of goods under 12A O.S.1971 § 2-314 includes the sale of the container and the warranty of merchantability applies equally to the packaging. See *Faucette v. Lucky Stores, Inc.,* 219 Cal.App.2d 196, 33 Cal.Rptr. 215 (1963).

In order to recover for breach of warranty of merchantability, the plaintiff need only show that the article sold did not conform to the representation of warranty at the time it left the control of defendant. *Giant Food, Inc., and Marilyn Seigel Sheepskin, Pers. Rep. of Nathan Seigel v. Washington Coca-Cola Bottling Company Inc.,* supra.

The majority opinion states that "Therefore, if any defective product was the proximate cause of appellee's injury, it was the carton in which the bottles were carried and not the bottle that fell from the carton or the contents thereof." The opinion then denies that there was any evidence of a defect in the carton.

The opinion also notes that the carton was not introduced, and that the record is barren of any evidence that the bottle fell out of the carton because of any defective condition. Although the opinion cites *Kirkland v. General Motors Corp.*, 521 P. 2d 1353, (Okl.1974) it declined to apply Kirkland's as authority for proof of a defect by circumstantial evidence.

This matter occurred before Kirkland was promulgated, but even assuming, arguendo, that the majority is correct in applying Kirkland the result should be the same. The test applicable to res ipsa loquitur is different than that involved in strict liability in that under the former the plaintiff must show that the instrumentality causing harm was in exclusive control and possession of defendant at the time of the occurrence or at the time of the alleged negligence. Under the strict liability theory, plaintiff need only show that the defect existed at the time of sale and delivery and that no substantial change occurred thereafter. The object of the proof is the same, and the methods of proof are similar. There is no indication that the questions of circumstantial evidence and inferences from the facts are to be dealt with in any matter different from negligence. However, the inferences from circumstantial evidence which are the core of the doctrine of res ipsa loquitur are no less applicable to strict liability. *Coca-Cola Bottling Company of Houston v. Hobart,* 428 S.W.2d 118, 124 (Tex.Civ.App.1968).

The court applied the doctrine of strict liability in tort in *Corbin v. Camden Coca-Cola Bottling Company,* 60 N.J. 425, 290 A.2d 441, 446 (1972). The court also permitted the doctrine of res ipsa loquitur to be invoked:

"Bottles do not ordinarily fall out of properly made cartons which are not

mishandled. As we have also said, there was evidence that the carton was not improperly handled by the plaintiff and the defect was probably attributable to Coca-Cola. To invoke the doctrine of res ipsa plaintiff need not altogether eliminate the possibility of other causes but only that their likelihood be so reduced that it is more probable than not that, in the absence of an explanation to the contrary, the defect was one for which the defendant is responsible."

The court also stated in *Corbin v. Camden, supra* 290 A.2d at page 444, that the jury could reasonably conclude that the carton was defective at the time of the injury and whenever facts permit an inference that the harmful event ensued from some defect (whether identifiable or not) in the product, the issue of liability is for the jury.

In Kirkland the court pointed out that manufacturers' products liability was a separate and independent cause of action standing on its own. The seller of a product in a defective condition unreasonably dangerous to the user is strictly liable for harm to the person or property of the user. This liability is not based on any contractual relationship in the nature of implied warranty nor on common law negligence. The court specifically decreed that the adoption of such remedy does not infer that proof of the injury is proof of the defect or raise any presumption of a defective article or shift the burden to the defendant.

A plaintiff, to recover under manufacturers' products liability, must prove that: the product caused the injury; the possibility that it might have caused the injury is not enough; second, if, as in this case, the defendant is the retailer, the plaintiff must prove that the article was defective at the time of sale for public use or consumption or at the time it left the retailer's possession and control; third, the plaintiff must show that the defect made the article unreasonably dangerous to him.

Proof that the product caused the injury and the product was defective at the time of sale, in the case at bar, must be inferred from the uncontradicted facts describing how the accident happened—within moments after appellee picked the carton off of appellant's shelf—while being carried in the usual manner by the handle provided and absent any intervening agency.

Proof of the element—that the defect made the article "unreasonably dangerous" —requires review of the definition set out in Kirkland of the term:

"* * * dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics."

Products available to the public should be sturdy enough to withstand ordinary handling in the place where they are sold. *Corbin v. Camden Coca-Cola Bottling Co.,* 290 A.2d p. 446 supra. It is common knowledge to the community that glass bottles in a carton furnished complete with a carrying handle is a visual representation that the thing is sufficiently strong to safely hold the weight of the bottles during manual transport in an ordinary manner. The fragile characteristics of glass combined with a carton made to carry glass bottles that will not hold the weight of the bottles will make the whole thereof unreasonably dangerous, because the ordinary consumer will not normally contemplate that a bottle will fall from its carton. If it does it has lethal propensities of a bomb.

We think inferences from the proved facts provide adequate support for finding all of the essential elements prescribed by Kirkland and that appellee's evidence supports her theory for recovery.

I believe there is competent evidence to support the finding that the "thing" which caused the injury was the carton containing the soft drinks. It is common knowledge that just as a chair leg does not ordinarily break causing a fall which results in injury, neither does a carton designed and

extensively used to transport soft drinks ordinarily collapse permitting bottles to fall to the ground causing injury, if those in control thereof have exercised proper care. The control of the carton included previous management, which was established to be in the retailer. There was sufficient showing that the time lapse was too small to permit the carton to be subjected to any extraneous harmful force or that it was mishandled while in the hands of the plaintiff. Therefore, sufficient proof was adduced revealing it to be in the constructive control of the defendant because it was inferred that the defect was present when it left defendants possession. This is sufficient evidence to submit the cause to the jury under any of the theories propounded, i. e. negligence, breach of warranty or strict liability.

I am authorized to state that Justice DOOLIN concurs in the views herein expressed.