LOONEY, Trustee, v. BRUIN OIL CORPORATION.

No. 30288. Feb. 10, 1942.

Rehearing Denied March 10, 1942.

*122 P. 2d 1007.*

H. S. Samples and G. R. Horner, both of Okmulgee, for plaintiff in error.

M. A. Dennis, of Okmulgee, and Johnson & Jones, of Bristow, for defendant in error.

HURST, J. Plaintiff, W. R. Looney, as trustee in bankruptcy of C. D. Gold and J. B. Keaton, sued to recover from defendant, Bruin Oil Corporation, money claimed to be due the bankrupts on salary prior to their adjudication as such. From a judgment sustaining the demurrer of defendant to plaintiff's evidence and entering judgment for the defendant, plaintiff appeals.

1. At the outset we are faced with the question as to the duty of the court in passing upon the defendant's demurrer to plaintiff's evidence and in rendering judgment for the defendant without requiring the defendant to introduce any evidence. On this question we have three rules, depending upon the nature of the case: (1) Actions of legal cognizance tried to a jury, in which the court in passing upon the demurrer must consider only the evidence favorable to the plaintiff and disregard all evidence favorable to the demurring defendant, and in which the court should sustain the demurrer only where there is no evidence reasonably tending to support a judgment for the plaintiff (Caesar v. Phillips Pet. Co., 187 Okla. 559, 104 P. 2d 429, and cases cited); (2) actions of legal cognizance, where a jury has been waived, and the cause is tried to the court, in which event the trial court considers and weighs all the evidence and its action in sustaining the demurrer and entering judgment for the defendant will not be disturbed on appeal if there is any evidence reasonably tending to support the judgment (Porter v. Wilson, 39 Okla. 500, 135 P. 732; Luster v. First Nat. Bank, 111 Okla. 168, 239 P. 128; Barron v. Chicoraske, 189 Okla. 35, 113 P. 2d 376); and (3) actions of equitable cognizance, where the trial court weighs the evidence and its action in sustaining the demurrer and entering judgment for the defendant will not be disturbed on appeal unless clearly against the weight of the evidence (Penny v. Vose, 108 Okla. 103, 234 P. 601; Beverly Hills Nat. Bank & Trust Co. v. Martin, 185 Okla. 254, 91 P. 2d 94; Biggs v. Federal Land Bank of Wichita, 186 Okla. 99, 95 P. 2d 902). Under the last two classifications the demurrer is treated as a motion for judgment. The above distinctions are not always made in our decisions, and it is not always clear from the opinions whether the second or third classification was involved. For a discussion of the law generally on this question, including our decisions, see 64 C. J. 1210, § 1022, notes 6 and 9.

2. This being an action of legal cognizance in which a jury was waived, it comes under the rule stated in the second classification, above. We, therefore, examine the record to see whether the trial court weighed the evidence, and whether there is any evidence reasonably tending to support the judgment.

The bankrupts were superintendents or managing agents of the defendant, whose capital stock appears to have been owned principally by the father of J. B. Keaton. Both bankrupts filed voluntary petitions in bankruptcy, Gold on May 25, 1937, and Keaton on June 3, 1937. Each was adjudicated a bankrupt on the same day his petition was filed. Neither listed any nonexempt assets. It is alleged by the trustee that each was largely indebted. The petition of plaintiff alleged, and he attempted to prove, that each bankrupt, during the period in 1937 prior to the filing of his bankruptcy petition, was employed by defendant at a salary of $375 per month, and that a part of the salary was due and unpaid.

Plaintiff produced only two witnesses, the plaintiff and the secretary-treasurer of defendant company. The secretary-treasurer testified that he began keeping books for defendant in 1934, and had kept them since that time; that during 1934, 1935, 1936, and 1937, the bankrupts drew no salaries, but each had a drawing account, and that at the end of each year, at the direction of either Keaton or Gold, he entered on the books a sum which represented the salary of both; that the amount was not the same any two years; that in 1935 the amount fixed was $2,400 each, in 1936 $3,000 each, and in 1937 it was $4,500 each, the entry for 1937 being $9,000, which included the compensation of both; that prior to December of each year, when he was instructed to enter the amount which they were to receive, the books showed no amount due either; that the amount drawn by each on his drawing account was deducted from the amount he was to receive; that the witness was a director of defendant, but did not know what, if any, arrangement existed between defendant and the bankrupts as to the compensation which they were to receive; that the bankrupts managed the affairs and conducted the operations of defendant, and so far as the witness knew fixed their own compensation, the amount depending, he assumed, on the financial condition, income, and amount of work done by them during the year. The witness admitted that an entry in connection with the account of J. B. Keaton which read "J. B. Keaton, twelve at $375.00 — 6" had been changed to read "salary and bonus." He testified that the change was not made by him, and he did not know who made it. No effort was made to have him explain who made the original entry, or the purpose for which it was made, or what it represented. The testimony of the plaintiff was formal and of no value on the question involved.

Plaintiff argues that the manner of fixing the compensation of the bankrupts was a subterfuge designed to enable them to defeat the claims of their creditors. He asserts that four judgments were recovered against the bankrupts in February, 1934, which were listed as claims against them, and that the method of fixing their compensation was devised to defeat the collection of these judgments. It was stipulated that certain judgments were filed as claims against the bankrupts, but there is no evidence of the dates on which they were taken, or any other particulars concerning them. This evidence lends no support to the argument. Nor is it shown that prior to 1934 the compensation of the bankrupts was paid or fixed on a different basis. There is no evidence of the extent or value of the services performed by the bankrupts during that portion of the year 1937 preceding their respective adjudications as bankrupts upon which a judgment could be rendered on a quantum meruit basis, if such were in fact permissible. 39 C. J. 146.

Generally, a contract to render services for a specified time is regarded as an entire contract, so that recovery thereon can be had by the employee

only upon showing full performance or a valid excuse for nonperformance (39 C. J. 145; 18 R.C.L. 535; 35 Am. Jur. 505), and where compensation is to be paid periodically, it is ordinarily due and payable at the end of the period. Crescent Oil Co. v. Brumley, 169 Okla. 462, 37 P. 2d 593; 39 C. J. 188; 35 Am. Jur. 504; 2 A.L.R. 522, note.

Under the Bankruptcy Act, § 70 (11 U.S.C.A. § 110) the trustee is vested with title to all property, including choses in action, "which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded or sequestered," with certain exceptions not here material. See 8 C.J.S. 620; 6 Am. Jur. 593.

It is generally held that the trustee may not recover salary or commissions where the right of the bankrupt to the same is dependent upon performance by him of substantial services of a personal nature subsequent to the filing of the bankruptcy proceedings, even though some of the services from which the compensation flows may have been performed prior to the filing of the bankruptcy proceedings. In re Seiffert, 18 Fed. 2d 444; Remington on Bankruptcy (4th Ed.) § 1228; 115 A.L.R. 628, annotation.

In the present case the evidence showed an employment of the bankrupts by the year, for an amount of compensation to be determined and paid at the end of the year. The definite terms of the contract of employment were not shown, but there is no substantial evidence that payment for the services performed by the bankrupts was to be computed or received on a monthly basis.

In the journal entry of judgment it is recited that "the court, having heard, and considered all of the evidence in this case and the argument of counsel," finds the demurrer to the plaintiff's evidence should be sustained for three reasons: (1) That the plaintiff has no authority to maintain this action, (2)

that the action is barred by the statute of limitations, and (3) that "the evidence in this cause is insufficient to justify a judgment for the plaintiff" for such alleged compensation due and unpaid at the time of the adjudications in bankruptcy. It thus appears that the court weighed the evidence, and that the same reasonably tends to support the judgment.

Our decision on this contention renders it unnecessary to pass upon the other contentions argued by plaintiff.

Affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, GIBSON, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., dissents.