Leslie Ray WHITE, Petitioner,

v.

Arthur Lory RAKESTRAW, Special Judge of the District Court of Oklahoma County, Respondent.

No. 50800.

Supreme Court of Oklahoma.

April 26, 1977.

C. H. Spearman, Jr., Edmond, for petitioner.

Hal D. Leaming, Oklahoma City, for respondent.

DAVISON, Justice.

This case involves an original proceeding in which petitioner asks this Court to assume original jurisdiction and issue a writ of prohibition, prohibiting respondent, Arthur Lory Rakestraw, a Special Judge of the District Court of Oklahoma County, from conducting an evidentiary hearing to determine whether the petitioner, Leslie Ray White, has a legitimate defense of "title", as he attested to in an affidavit which he filed in an action of forcible entry and detainer brought against him.

Petitioner White is a tenant of Continental Oil Company, who brought a forcible

entry and detainer action against him. Pursuant to the provisions of 12 O.S.1971, § 1148.6, petitioner, in response to Continental Oil Company's petition, filed an affidavit attesting that he had a lawful leasehold in the property involved in litigation, swearing that the lease was still in effect and had not been terminated.

Title 12 O.S.1971, § 1148.6 provides:

"No answer by the defendant shall be necessary, but if the defendant wishes to assert title to the land or that the boundaries of the land are in dispute, he shall, before the time for the trial of the cause, file a verified answer or an affidavit which contains a full and specific statement of the facts constituting his defense of title or boundary dispute. If the defendant files such a verified answer or affidavit, the action shall proceed as one in ejectment before the proper division of the district court. If the defendant files an affidavit he shall file answer within ten (10) days after the date the affidavit is filed." [Emphasis added].

Because under the provisions of 20 O.S.1973 Supp. § 123 A(2),[1] Special Judges may not hear actions in ejectment, the respondent, a Special District Judge, lacks the authority to hear actions in ejectment. The intent of the above quoted statute, 12 O.S. 1971, § 1148.6, is clear—once an affidavit attesting to a defense of title is filed in a forcible entry and detainer action, the action shall proceed as one in ejectment. This being the case, once such an affidavit is filed, Special District Judges lack the authority to proceed further.

Such an affidavit was filed in the case before us. We held in *Ferguson v. District Court of Oklahoma County,* Okl., 544 P.2d 498 (1975), the assertion of a leasehold interest constitutes a defense of title. The respondent Judge, in seeking to go beyond the affidavit and conduct an evidentiary hearing, is in essence seeking to rule on the defense of title. To allow such an eviden-

1. 20 O.S.1973 Supp. § 123 A(2) provides:

"A. Special judges may hear the following actions:

(2) Actions for forcible entry and detainer where the defendant does not assert title to the land or a boundary dispute."

tiary hearing would be to allow a Special Judge to adjudicate title. Such an adjudication is clearly unauthorized. This being the case, a Special District Judge is not empowered to conduct such an evidentiary hearing. Accordingly, since a Special District Judge was attempting to exercise such power, we assume original jurisdiction and grant a writ of prohibition, prohibiting the respondent Judge from proceeding further, and we order that the case be transferred to the appropriate division of the District Court to be adjudicated as an action in ejectment.

In attempting to persuade the court that Special District Judges should be able to go beyond affidavits or verified answers which attest to facts which construe a defense of title or boundary dispute, it was argued that as a matter of policy, Special Judges should be able to look beyond such affidavits or answers, for to prohibit such scrutiny would enable tenants, who no longer have a leasehold interest, to delay their ultimate eviction by merely filing a bare affidavit or answer not supported by facts. Although such delays are no doubt possible, and one might argue that as a matter of public policy the procedural laws should not allow such delays, such policy considerations are legislative considerations, not judicial considerations.

ORIGINAL JURISDICTION ASSUMED AND WRIT OF PROHIBITION ISSUED.

HODGES, C. J., LAVENDER, V. C. J., and IRWIN, BERRY, BARNES, SIMMS, and DOOLIN, JJ., concur.