2005 OK CIV APP 56

**Emery Maze BARTON, Plaintiff/Appellant,**

v.

**Cheryl Diane WARREN, individually, and in her official capacity as Personal Representative of the Estate of Darryl Dewayne Warren, Defendant/Appellee.**

**No. 100,496.**

Court of Civil Appeals of Oklahoma, Division No. 1.

July 22, 2005.

Matthew C. Goodin, Matthew C. Goodin, P.L.L.C., Oklahoma City, OK, for Plaintiff/Appellant.

Robert B. Smith, Bruce MacDougall, Robert B. Smith Law Offices, Oklahoma City, OK, for Defendant/Appellee.

Opinion by BAY MITCHELL, Judge.

¶1 Plaintiff/Appellant Emery Maze Barton's petition for the replevin of a 1957 Corvette race car was tried to the court. At the close of Barton's evidence, Defendant/Appellee Cheryl Diane Warren raised a demurrer, which the trial court granted after finding Barton failed to establish current ownership of the vehicle. Barton appeals from this judgment, arguing the trial court erroneously weighed the evidence and disregarded his evidence of title. Alternatively, Barton argues that even if he was not entitled to a return of the Corvette, he was entitled to be compensated for its value.

¶2 To determine whether a demurrer is appropriate in a legal action[1] tried to the court, the trial court must not weigh the evidence. Instead it must accept as true all of the plaintiff's evidence and the reasonable inferences therefrom, disregarding all conflicting evidence that is favorable to the defendant. *Wallace Plumbing Co. v. Western Steel Erection Co.*, 1963 OK 66, 380 P.2d 89; *Spiller v. Massey & Moore*, 1965 OK 143, 406 P.2d 467.[2] A demurrer must be denied if the opponent has established a prima facie case by producing competent evidence to support each material element of their cause of action. *Jackson v. Jones*, 1995 OK 131, ¶4, 907 P.2d 1067, 1071. After reviewing the record, we find the trial court erred by dismissing Barton's replevin action because Barton presented a prima facie case of replevin.

¶3 Barton was required to introduce evidence on each of the following elements to establish a prima facie case of replevin: 1) a description of the property claimed; 2) that the plaintiff is the owner of the property and is entitled to its immediate possession; 3) that the property is wrongfully detained by the defendant; 4) the actual value of the property; 5) that the property was not taken in execution on any order or judgment; and

6) that the prayer for relief requests that the court issue an order for the immediate delivery of the property. 12 O.S. Supp.2002 § 1571.

¶4 Barton testified that he bought a 1957 Corvette in 1971 for $1,000 to $1,200 and left the title open, which was common practice in the racing community in Texas. He then spent approximately $8,000 to fix up the car and raced it successfully as a dragster for four years, setting several speed records. Barton's wife was involved in a wreck in the car in 1975 that caused minor damage to the front end of the car. The car was still fully operational, but Barton did not fix the body immediately because he had decided to begin racing "rail" dragsters. His cousin, Darryl, then asked him if he could take the Corvette, fix it and race it, Barton said "Well, okay. I'll let you do that." The vehicle was already on a trailer, so they hooked up the trailer and Darryl brought the Corvette to Oklahoma. Barton described his relationship with Darryl as very close because they had spent several summers together working on cars and racing cars. Barton considered himself a big brother or a father figure to Darryl.

¶5 Darryl kept the car for 29 years and converted it into a hot rod style racing car. Barton admitted Darryl could have spent up to $60,000 on the vehicle. He knew Darryl had installed more than three engines, had fixed the front end, put in a tubular frame, replaced the transmission, linkage, tires, and the rear end, *etc.* In 2001, Darryl even took the car to Mississippi to race, and Barton, who was living in Mississippi then, raced the car at that time. Barton admitted that in order to race the car, Darryl would have to enter the car in Barton's name. When Barton was asked why he did not ask for the car's return when Darryl took it to race in Mississippi, he responded that he did not

---

1. A replevin is a legal action. *Dorchester Hugoton, Ltd. v. Dorchester Master Ltd. Partnership*, 1996 OK CIV APP 59, ¶24, 925 P.2d 1213, 1222 n. 10.

2. *See also Gay v. Hartford Underwriters Ins. Co.*, 1995 OK 97, 904 P.2d 83, 86–87, where the Supreme Court noted the distinction between equity actions and law actions in the proper test

of a demurrer to the evidence. In an equity action "... the trial court treats the demurrer as a motion for judgment and weighs all the evidence presented." *Id.* at 87. *But see Looney v. Bruin Oil Corp.*, 1942 OK 67, 122 P.2d 1007, where the Supreme Court held that in a case of legal cognizance tried to the court, it was proper for the trial court to weigh the evidence in ruling on a demurrer to the plaintiff's evidence.

care if Darryl had the Corvette. However, Barton stated that if he had asked Darryl to return the car, it would be sitting in his driveway right now. After Darryl died in 2001, Barton asked Cheryl Warren to return the Corvette, but she refused. Almost two years after Darryl died, on May 19, 2003, Barton used his open Texas title from 1971 to obtain a Mississippi Certificate of Title.

¶ 6 The trial court found Barton had failed to establish ownership of the vehicle at the time of Darryl's death. The court noted there was an open title and possession was transferred to Barton in 1971, but nothing else was done. The vehicle went without a formal title for 29 years. The court determined Barton's acts of giving the vehicle to Darryl to fix and race, and allowing him to make substantial modifications and then race it in his own name were "consistent with" an intent to give Darryl the car permanently instead of as a loan. Further, the court found there was no indication in the record that this was a loan "other than petitioner's testimony that it was his intent only to let him race it." The court then stated Barton should have titled the vehicle and made arrangements to get the Corvette back earlier to avoid a transfer of ownership.

¶ 7 We find the trial court engaged in a weighing of the evidence that is inappropriate on a demurrer to the evidence. Finding Barton's acts were more consistent with an intent to make a gift rather than a loan involves a weighing of the evidence instead of accepting all the evidence favorable to Barton as true. The court disregarded Barton's competent testimony that he only gave the car to Darryl to race and discounted the title as evidence of ownership. Barton had also testified that Darryl would have returned the car immediately if he had asked. This evidence is consistent with Barton's ownership of the car. This evidence, when accepted as true, is competent to establish that Barton owned the Corvette in 1971 and only loaned the vehicle to Darryl. For these reasons, we find the trial court erred in granting this demurrer and remand for further proceedings.

¶ 8 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

ADAMS, P.J., and BUETTNER, C.J. (sitting by designation), concur.