2011 OK 69

**Odette ROGERS, Plaintiff/Appellee,**

v.

**Bob BAILEY and M. Suzanne Bailey, Defendants/Appellants.**

No. 107542.

Supreme Court of Oklahoma.

July 6, 2011.

James A. Choate, Nelson & Choate, Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Christopher D. Jones, Jones Law, P.C., Durant, Oklahoma, for Defendant/Appellants.

EDMONDSON, J.

¶ 1 The issues before us are whether the Baileys timely asserted a claim of title to the property when a forcible entry and detainer action was filed seeking to oust them from the property, and whether the trial court should have transferred the action from the Small Claims Docket. We conclude that the matter should have been tried as one in ejectment and that the trial court should have transferred the action from the Small Claims Docket of the District Court.

¶ 2 Odette Rogers filed an affidavit on April 17, 2009, to initiate a forcible entry and detainer action against the Baileys. Rogers sought possession of the Baileys' residence. Rogers asserted that the Baileys had failed to pay rent and that she was entitled to possession of the premises. The summons was served at 4:45 p.m. that day and a hearing on the matter scheduled for April 24, 2009. The matter was placed on the Small Claims Docket of the District Court.

¶ 3 On April 23, 2009, the Baileys filed a "Response and Counterclaim." They alleged that they had paid the sum alleged by Rogers to be due and they attached photocopies of checks allegedly showing such payments. They also alleged that "they are the rightful owners of the real property described herein" and that they "paid the mortgage payments on said property to the Plaintiff for more than ten years." They claimed to have an interest in the property and requested relief in the form of an order requiring Rogers to "execute a deed."

¶ 4 On April 23, 2009, the Baileys' counsel filed a motion for continuance. The motion listed several reasons, one of which was Suzanne Bailey's admission to a hospital on April 20th. One of the checks allegedly given to pay Rogers was from Suzanne Bailey. Rogers is the mother of Suzanne Bailey. Also filed on that day was a "Motion to Transfer to the District Court" to remove the cause to the "District Court Docket." The reasons stated therein were that defendants claimed an interest in the property, paid "mortgage payments on said property," and that the value of the property as well as the alleged interests in the property possessed by the Baileys exceeded $6,000.00. The motion stated that it relied upon 12 O.S. § 1757. On April 24th, the scheduled hearing was stricken by agreement to be reset on motion.

¶ 5 On April 27th Rogers filed an objection to transferring the cause. She argued that 12 O.S. § 1757(A) required notice of a motion to transfer at least 48 hours prior to trial. She argued that § 1758 required a 72–hour notice for counterclaims, which also was not followed. She argued that the Baileys had not obtained permission of the trial court to file a statutorily noncomplying counterclaim and motion to transfer.

¶ 6 The certified trial court docket shows no entry between the dates of April 27th and May 28th when a court minute was filed that included certain findings. The findings were that: The motion to transfer was not filed at least forty-eight hours prior to the scheduled trial date of April 24th; Defendant "has not filed an answer asserting title which contains a full and specific statement of the facts constituting his defense of title as required by 12 O.S. § 1148.6;" Defendant "claims 'an interest' in the property in dispute by virtue of having made mortgage payments on the property for more than 10 years and claim[s] to be the 'rightful owners' of the property;" "The only evidence in that regard are copies of two checks to plaintiff in the amount of $620.00;" "It appears the defendants assert some equitable interest in the property, as no contract, deed, mortgage or other legal document has been offered in support of defs. motion;" and "The court therefore overrules defs. motion to transfer at this time, as there are not sufficient facts before the court to order the case transferred to district court to proceed as an action in ejectment." The trial court then set the matter for trial on the Small Claims Docket on June 8th.

¶ 7 Upon being rescheduled, trial was held on June 9th, and Defendants renewed their request for a transfer from the Small Claims Docket. Upon conclusion of the nonjury trial the court made findings that were incorpo-

rated into the Journal Entry of Judgment. The trial court determined that Suzanne Bailey purchased the property in 1995. The funds for the purchase were loaned from a bank upon Bailey and Rogers executing a note and mortgage as co-makers. The court also determined that in 2003 the Baileys conveyed the property to Rogers who executed a new note and mortgage, and that Rogers became the sole owner of the property. The court determined that Rogers made all of the payments on the note to the bank with the exception of two payments in the total amount of $630.00 made by the Baileys. The trial court determined that the Baileys did not maintain insurance on the premises and did not pay the ad valorem taxes on the property between 2003 and 2008. The court noted that after Rogers made demand upon the Baileys for the property, they made payments to Rogers in the amount of the monthly payments due on the note. The court found that Rogers was "the lawful owner of the premises and holder of the legal title to the Premises." The trial court decreed "that defendants have no right, title or interest in and to the Premises and shall immediately vacate therefrom" and that plaintiff "is entitled to possession of the Premises and is granted forcible entry and detainer as prayed." Defendants appealed and the Court of Civil Appeals affirmed the judgment.

¶ 8 One issue presented herein is whether the Baileys' answer and request for transfer to another docket were timely filed. In a small claims proceeding a verified answer by a defendant, if filed, must be filed "not later than seventy-two (72) hours prior to the hour set for the first appearance of said defendant in such action." 12 O.S.2001 § 1758.[1] A request to transfer the matter to a different docket must be "filed and notice is given by the defendant to the opposing party or parties by mailing a copy of the motion at least forty-eight (48) hours prior to the time fixed in the order for defendant to appear or answer." 12 O.S.2001 § 1757(A).[2] Small claims procedure provides for a transfer of the case to the general docket when a defendant presses a counterclaim that exceeds the statutory limit upon the amount in controversy. *McDaneld v. Lynn Hickey Dodge, Inc.*, 1999 OK 30, ¶ 6, 979 P.2d 252, 254–255. If a motion seeks a transfer from the Small Claims Docket because the amount in controversy exceeds the $6,000.00 statutory limit in 12 O.S.Supp.2004 § 1751,[3] then the time limit

1. The first paragraph of 12 O.S.2001 § 1758 states in pertinent part as follows:

"No formal pleading, other than the claim and notice, shall be necessary, but if the defendant wishes to state new matter which constitutes a counterclaim or a setoff, he shall file a verified answer, a copy of which shall be delivered to the plaintiff in person, and filed with the clerk of the court not later than seventy-two (72) hours prior to the hour set for the first appearance of said defendant in such action. . . ."

2. 12 O.S.2001 § 1757(A) states:

"A. On motion of the defendant, a small claims action may, in the discretion of the court, be transferred from the small claims docket to another docket of the court; provided, that the motion is filed and notice is given by the defendant to the opposing party or parties by mailing a copy of the motion at least forty-eight (48) hours prior to the time fixed in the order for defendant to appear or answer; and provided further, that the defendant deposit the sum of Fifty Dollars ($50.00) as the court cost."

3. 12 O.S.Supp.2004 § 1751:

A. The following suits may be brought under the small claims procedure:

1. Actions for the recovery of money based on contract or tort, including subrogation claims, but excluding libel or slander, in which the amount sought to be recovered, exclusive of attorneys fees and other court costs, does not exceed Six Thousand Dollars ($6,000.00);

2. Actions to replevy personal property the value of which does not exceed Six Thousand Dollars ($6,000.00). If the claims for possession of personal property and to recover money are pled in the alternative, the joinder of claims is permissible if neither the value of the property nor the total amount of money sought to be recovered, exclusive of attorneys fees and other costs, exceeds Six Thousand Dollars ($6,000.00); and

3. Actions in the nature of interpleader, as provided for in Section 2022 of this title, in which the value of the money which is the subject of such action does not exceed Six Thousand Dollars ($6,000.00).

B. No action may be brought under the small claims procedure by any collection agency, collection agent, or assignee of a claim, except that an action may be brought against an insurer or third-party administrator by a health care provider as that term is defined in Section 6552 of Title 36 of the Oklahoma Statutes, who is an assignee of benefits available under an accident

for filing the motion in § 1758 is mandatory. *Eskridge v. Ladd,* 1991 OK 3, 811 P.2d 587, 589. The Baileys' motion for transfer was untimely *to the extent that its reason for transfer was an amount in controversy exceeding $6,000.00.*

██ ¶9 The motion to transfer was also based upon assertions by the Baileys that they owned an interest in the property. A district court has jurisdiction of an action for the forcible entry and detention of real property and claims for the collection of rent or damages to the property. 12 O.S.2001 § 1148.1.[4] A forcible entry and detainer action is filed on the Small Claims Docket when the total recovery sought, exclusive of attorney's fees and court costs, does not exceed the jurisdictional amount for the small claims procedure in district court. 12 O.S.2001 § 1148.14.[5] A forcible entry and detainer

remedy is intended to afford a speedy means for recovering possession of real property. *Ghost Hollow Trust v. O'Quinn,* 2009 OK 30, 213 P.3d 564.

██ ¶10 If a defendant in a forcible entry and detainer action "wishes to assert title to the land or that the boundaries of the land are in dispute, he shall, **before the time for the trial of the cause,** file a verified answer or an affidavit which contains a full and specific statement of the facts constituting his defense of title or boundary dispute." 12 O.S.2001 § 1148.6(A) (emphasis added).[6] Further, this section specifies what action is to be taken concerning which docket the matter is assigned and adjudicated: "If the defendant files such a verified answer or affidavit, the action shall proceed as one in ejectment before the proper division of the

and health insurance policy, trust, plan, or contract.

C. In those cases which are uncontested, the amount of attorneys fees allowed shall not exceed ten percent (10%) of the judgment.

D. No action may be brought under the small claims procedure for any alleged claim against any city, county or state agency, or employee of a city, county or state agency, if the claim alleges matters arising from incarceration, probation, parole or community supervision.

E. No action by a plaintiff who is currently incarcerated in any jail or prison in the state may be brought against any person or entity under the small claims procedure.

4. 12 O.S.2001 § 1148.1 states as follows:

The district court shall have jurisdiction to try all actions for the forcible entry and detention, or detention only, of real property, and claims for the collection of rent or damages to the premises, or claims arising under the Oklahoma Residential Landlord and Tenant Act, [FN1] may be included in the same action, but other claims may not be included in the same action. A judgment in an action brought under this act shall be conclusive as to any issues adjudicated therein, but it shall not be a bar to any other action brought by either party.

5. 12 O.S.2001 § 1148.14 states as follows:

An action for forcible entry and detainer brought pursuant to procedures prescribed otherwise in this title standing alone or when joined with a claim for recovery of rent, damages to the premises, or a claim arising under the Oklahoma Residential Landlord and Tenant Act, [FN1] where the total recovery sought, exclusive of attorney's fees and other court costs, does not exceed the jurisdictional amount for the small claims court, shall be placed on the small claims

docket of the district court. The district courts may provide by court rule that any action for forcible entry and detainer may be assigned to the small claims division for determination of the right to possession, regardless of the underlying amount in controversy, at the conclusion of which, the matter shall be returned to the assigned judge for further proceedings. The court clerk shall in connection with such actions prepare the affidavit, by which the action is commenced, and the summons, and generally assist unrepresented plaintiffs to the same extent that he is now required so to do under the Small Claims Procedure Act, Section 1751 et seq. of this title.

6. 12 O.S.2001 § 1148.6 states:

A. In all cases in which the defendant wishes to assert title to the land or that the boundaries of the land are in dispute, he shall, before the time for the trial of the cause, file a verified answer or an affidavit which contains a full and specific statement of the facts constituting his defense of title or boundary dispute. If the defendant files such a verified answer or affidavit, the action shall proceed as one in ejectment before the proper division of the district court. If the defendant files an affidavit he shall file answer within ten (10) days after the date the affidavit is filed.

B. In all cases in which the cause of action is based on an asserted breach of a lease by the defendant, or the termination or expiration of a lease under which the defendant claims an interest in the property in a verified answer or affidavit, the plaintiff may proceed with the forcible entry and detainer action instead of an ejectment action.

C. No answer by the defendant shall be required before the time for trial of the cause.

district court." *Id.* An action in ejectment is not adjudicated in a small claims proceeding. *White v. Rakestraw,* 1977 OK 76, 563 P.2d 644, 645.

¶ 11 Statutory authority for a forcible entry and detainer action to be adjudicated in a proceeding using small claims procedure is found in that portion of Title 12 on forcible entry and detainer (12 O.S. § 1148.14), and not in that portion involving small claims procedure. The time for filing an answer or affidavit asserting title or an interest in the property is likewise found in the statutes governing forcible entry and detainer. A general rule is that where a matter is addressed by two statutes, one specific and the other general, the specific statute governs over the general provision. *Davis v. Martin Marietta Materials, Inc.,* 2010 OK 78, ¶ 1, 246 P.3d 454; *Phillips v. Hedges,* 2005 OK 77, ¶ 12, 124 P.3d 227, 231. Nothing in the small claims statutes indicates a legislative intent to supplant the purpose of the forcible entry and detainer statutes setting forth the procedure *in those statutes* for adjudication of such actions.

¶ 12 The Court of Civil Appeals determined herein that *White v. Rakestraw, supra,* was no longer good law. The reasoning used in *White* was based upon a lack of authority possessed by a Special Judge at the time of *White* to adjudicate disputed title[7] as well as language similar to current 12 O.S. § 1148.6 that a defense of title in a forcible entry and detainer action requires the action to be adjudicated as one in ejectment. *White,* 563 P.2d at 645.

¶ 13 As noted by the Court of Civil Appeals, the current restriction upon the authority of a special judge to adjudicate title is applied to nonlawyer special judges. 20 O.S. 2001 § 123(A)(3). However, that language does not *expressly* state that a special judge may adjudicate title. The complete statute states as follows:

A. Special judges may hear and decide the following:

1. Actions for the recovery of money where the amount claimed does not exceed Ten Thousand Dollars ($10,000.00) and counterclaim or setoff does not exceed Ten Thousand Dollars ($10,000.00);

2. All uncontested matters, whether by default, agreement or otherwise, except that a nonlawyer special judge may not hear any uncontested matters, whether by default, agreement or otherwise, in actions for the recovery of money where judgment is sought for a greater sum than One Thousand Dollars ($1,000.00);

3. Actions for forcible entry and detainer except a nonlawyer special judge may not hear such actions if title to land or a boundary dispute is involved;

4. Actions for replevin where the amount in controversy does not exceed Ten Thousand Dollars ($10,000.00), except that nonlawyer special judges may not hear such actions where the amount in controversy exceeds One Thousand Dollars ($1,000.00);

5. Misdemeanors, except that special judges who are not lawyers may not hear criminal actions where the punishment prescribed by law exceeds a fine of Two Hundred Dollars ($200.00), or imprisonment in a county jail for thirty (30) days, or both such fine and imprisonment except by written consent of all parties;

6. Felonies involving a second and subsequent offense of driving, operating, or being in actual physical control of a motor vehicle while under the influence of alcohol or any other intoxicating substance, including any controlled dangerous substance as defined in the Uniform Controlled Dangerous Substances Act, to a degree that renders the defendant incapable of safely driving or operating a motor vehicle, except that nonlawyer special judges may not hear such matters;

7. When there is no district or associate district judge present in the county or when they are disqualified, the issuance of a temporary injunction or restraining order, but this paragraph shall not embrace nonlawyer special judges;

7. 1968 Okla. Sess. Laws. Ch. 350 § 21 (eff. Jan. 13, 1969) provided in pertinent part that special judges could hear "[a]ctions for forcible entry

and detainer where the defendant does not assert title to the land or a boundary dispute."

8. Issuance of writs of habeas corpus, but this paragraph shall not embrace non-lawyer special judges;

9. Any matter, regardless of value, at any stage, whether intermediate or final, and whether or not title to property, real, personal, tangible, intangible, or any combination thereof, is to be determined, in a probate, divorce, domestic relations, custody, support, guardianship, conservatorship, mental health, juvenile, adoption, or determination of death proceeding, except that nonlawyer special judges may not hear such matters;

10. An appeal from an order of the Department of Public Safety revoking a person's license to drive, except that non-lawyer special judges may not hear such matters;

11. Other actions and proceedings, regardless of court rules, where the parties agree in writing, at any time before trial, to the action being heard by a special judge;

12. Any postjudgment collection matter regardless of the amount of the judgment; and

13. Youthful offender cases pursuant to the Youthful Offender Act.

B. Special judges shall be authorized to serve as referee in any matter before the district court.

C. A special judge may perform the duties of a magistrate in criminal cases.

20 O.S.2001 § 123.

The Court of Civil Appeals concluded that the restriction in § 123(A)(3) upon a nonlawyer special judge to hear a title dispute was equivalent to an express grant of authority to a lawyer special judge to hear such a dispute. Saying that a special judge may adjudicate title when it is raised in a forcible entry and detainer proceeding is *not* a legislative statement that the title is adjudicated in a forcible entry and detainer proceeding, especially when we have, as we do here, an express legislative statement that when title is raised the forcible entry and detainer action then proceeds in ejectment. The Legislature changed an absolute prohibition on special judges adjudicating disputed title to one pro-

hibiting this adjudication by a specified class of special judges. This change occurred in the same statute where special judges are expressly granted the authority to adjudicate disputed title in other specified circumstances and where that authority is expressly withheld from nonlawyer special judges. 20 O.S.2001 § 123(A)(9). In *Samson Hydrocarbons Co. v. Oklahoma Tax Commission,* 1998 OK 82, 976 P.2d 532, we explained:

In the construction of statutes it is axiomatic that the statute as amended is to be construed as a consistent whole, in harmony with common sense and reason and that every part should be given effect; that amendments are to be construed together with the original act to which they relate as constituting one law and also together with other statutes on the same subject as part of a coherent system of legislation.

Antecedent legislative enactments may be considered in the construction of amendatory acts *in pari materia.* Words and phrases employed in the original or antecedent act will be presumed to be used in the same sense in the amendatory enactment. The original section as amended and the unaltered sections of an Act relating to the same subject matter are to be considered together. When ascertaining legislative intent the Court must presume that when adopting the amendment, the legislature had knowledge of the law as it previously existed and had in mind the judicial construction which had been placed on that law.

*Samson,* at ¶ 15, 976 P.2d at 538, quoting *Prettyman v. Halliburton Co.,* 1992 OK 63, ¶¶ 20–21, 841 P.2d 573, 580 (citations omitted).

In § 123(A)(3), the Legislature does not make the distinction between forcible entry and detainer and ejectment. Clearly, the Legislature wants special judges who are lawyers to possess the authority to try title in those circumstances listed in § 123(A)(9). We do not view the Legislature's failure to recognize in § 123(A)(3) that disputed title is adjudicated in an ejectment action to be fatal to the authority of a special judge to adjudicate disputed title. We must consider the timing of the amendment to § 123 occurring

after *White v. Rakestraw, supra,* and construe § 123(A)(3) and (A)(9) together with 12 O.S.2001 § 1148.6. *Samson Hydrocarbons Co. v. Oklahoma Tax Commission, supra.*

■ ¶ 14 We agree with the Court of Civil Appeals that the change in the statutory language indicates a legislative intent to allow a special judge to adjudicate title when the judge is a lawyer, and when the issue of title is raised in a forcible entry and detainer proceeding. However, disputed title raised in a forcible entry and detainer action requires the action to be moved from the Small Claims Docket and the action proceed as one in ejectment. Thus, § 123(A)(3) authority for a special judge to adjudicate disputed title is authority for adjudicating disputed title *in an action in ejectment.* In summary, the § 123 authority of a special judge to adjudicate disputed title that is raised in a forcible entry and detainer action does not supplant the requirement that if title is disputed then the forcible entry and detainer action proceeds as an action in ejectment. Further, as we explain herein, disputed title is not adjudicated in a forcible entry and detainer action but in ejectment, and the § 123(A)(3) authority of a special judge to adjudicate disputed title is authority to make that adjudication in an ejectment action. 12 O.S.2001 § 1148.6; *Samson Hydrocarbons Co. v. Oklahoma Tax Commission, supra; White v. Rakestraw, supra.*

■ ¶ 15 This Court has stated that a forcible entry and detainer proceeding is not for the purpose of trying title. For example, in *Dix v. Burkhard,* 1942 OK 110, 130 P.2d 837, we said, "It has been repeatedly held by this court that the legal sufficiency of a questioned title to real estate cannot be determined in a forcible entry and detainer action." *Id.* 130 P.2d at 839 (citing *Lyons v. Lyons,* 1939 OK 164, 90 P.2d 391, and cases therein cited). Historically, a forcible entry

and detainer case is merely or purely a "possessory action" for possession of the premises; thus our language in opinions stating that "a judgment in forcible entry and detainer shall not be a bar to any other action...." *Lyons,* 90 P.2d at 392. Similar language is in current § 1148.1 stating that "A judgment in an action brought under this act shall be conclusive as to any issues adjudicated therein, but it shall not be a bar to any other action brought by either party." [8] In contrast to forcible entry and detainer, a party having title to property and claiming right of possession obtains relief by an action in ejectment. *Krosmico v. Pettit,* 1998 OK 90, n. 1, 968 P.2d 345, 346. In an action in ejectment the plaintiff alleges and proves (1) plaintiff's title; (2) plaintiff's right of possession; and (3) wrongful possession of defendant. *Boepple v. Estill,* 1935 OK 915, 50 P.2d 182, 184. The plaintiff must prevail upon the strength of his or her own title and cannot rely upon the weakness or want of title in the defendant. *Id.*

¶ 16 We also note a rational reason for a legislative determination that a purely "possessory action" may be adjudicated in a small claims proceeding while ejectment actions are not adjudicated in a small claims proceeding. One of the means by which a speedy remedy is obtained in a small claims proceeding is that pretrial motions and discovery are limited. *Patterson v. Beall,* 2000 OK 92, ¶¶ 8–13, 19 P.3d 839, 842–843. The small claims procedure prohibits all depositions, interrogatories and all other discovery procedures except after judgment in aid of execution. 12 O.S.2001 § 1760.[9] In the present proceeding the trial court noted in its pretrial minute order of May 28th that while the Baileys had pled that they "made mortgage payments on the property" and had an interest in the property, "no contract, deed, mortgage or other legal document has

8. See 12 O.S.2001 § 1148.1, at note 4 *supra.*

9. 12 O.S.2001 § 1760:

No attachment or prejudgment garnishment shall issue in any suit under the small claims procedure. Proceedings to enforce or collect a judgment rendered by the trial court in a suit under the small claims procedure shall be in all respects as in other cases; provided, however, judgments, other than default judgments, for the payment of money may be enforced or collected as prescribed in Section 4 of this act. [FN1] No depositions shall be taken or interrogatories or other discovery proceeding shall be used under the small claims procedure except in aid of execution. No new parties shall be brought into the action, and no party shall be allowed to intervene in the action.

been offered in support of defs." In the context of denying the Baileys' motion to transfer the matter off the Small Claims Docket, where discovery is not available, the trial court made a pretrial ruling on the legal sufficiency of the Baileys' claim of an interest in the real property, faulting them for not providing additional documentation or evidence, then using this perceived omission of required evidence as justification for scheduling a small claims trial for the forcible entry and detainer. The question of title in an ejectment action may involve multiple parties and circumstances where discovery procedures would benefit the parties and the trial court. In this case, while multiple parties are not before the trial court, the alleged facts of an agreement between a mother and her daughter (and son-in-law) concerning the original purchase and any alleged modifications in that agreement upon subsequent financing, as well as alleged ownership interests in the property, appear to involve issues where discovery procedures could assist the parties and the trial court.

¶ 17 Section 1148.6 requires "a verified answer or an affidavit which contains a full and specific statement of the facts constituting his defense of title or boundary dispute." In *White v. Rakestraw, supra,* the defendant's answer alleged that he had a leasehold to the premises, that the lease was still in effect, and that it had not been terminated. *White v. Rakestraw,* 563 P.2d at 645. We stated that these *allegations* were sufficient for the action to be tried as an ejectment. The Baileys asserted by verified answer that they paid mortgage payments "for more than ten years," repaired the property, and "are the rightful owners of the real property." In *Allen v. Garman,* 1949 OK 24, 202 P.2d 1073, in circumstances where one party executed a note to procure property and another alleged an agreement for a form of joint ownership, we explained our prior opinion in *Grayson v. Crawford, Adm'r,* 1941 OK 349, 189 Okla. 546, 119 P.2d 42, and its conclusion that an equitable lien may be created by parol agreement. *Allen,* 202 P.2d at 1077. The Baileys' *allegations* are a claim of equitable owner-

ship via an equitable lien. Their allegations are sufficient to make title a disputed issue.

 ¶ 18 Section 1148.6 requires a statement of facts; it does not require a party to submit the totality of his or her evidence to support a claim of title for a trial judge to adjudicate. This Court has explained that disputed issues of fact are not subject to a trial by affidavit. *Crest Infiniti, II, LP v. Swinton,* 2007 OK 77, ¶ 10, 174 P.3d 996, 1001–1002. Forcible entry and detainer is commenced by an affidavit of plaintiff alleging that plaintiff is entitled to possession.[10] When a defendant complies with § 1148.6 and answers by affidavit or verified answer contesting title, the proper procedure for adjudicating those disputed facts is not a pretrial adjudication based upon the plaintiff's affidavit and the defendant's affidavit or verified answer.

 ¶ 19 The Baileys argue that they were denied due process of law when the motion to transfer was denied. The Due Process Clause does not, by itself, mandate any particular form of procedure. *Mitchell v. W.T. Grant Company,* 416 U.S. 600, 610, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); *Powers v. District Court of Tulsa County,* 2009 OK 91, n. 42, 227 P.3d 1060, 1074. Due process "'is not a technical conception with a fixed content unrelated to time, place and circumstances.'" *Mathews v. Eldridge,* 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). "'[D]ue process is flexible and calls for such procedural protections as the particular situation demands.'" *Id. See also Flandermeyer v. Bonner,* 2006 OK 87, ¶ 10, 152 P.3d 195, 198–199 (fundamental to due process is opportunity to be heard in a meaningful time and manner). Having concluded that the forcible entry and detainer action should have proceeded as one in ejectment and should have been transferred from the Small Claims Docket to another docket of the District Court where Defendants would be afforded an opportunity to engage in discovery and other procedures available to a party in such a proceeding, we need not further address the Baileys' due process arguments.

---

10. The forcible entry and detainer action is commenced by filing an affidavit in substantial compliance with the form codified at 12 O.S.2001 1148.15.

¶ 20 In summary, the issues are whether the Baileys timely asserted a claim of title to the property when a forcible entry and detainer action was filed seeking to oust them from the property, and whether the trial court should have transferred the action from the Small Claims Docket. We conclude that the Baileys timely asserted a claim of title and that the action should have been transferred.[11] The opinion of the Court of Civil Appeals is vacated, the judgment of the District Court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

¶ 21 ALL JUSTICES CONCUR.

11. Rogers filed a motion for attorney's fees incurred on appeal and the Baileys sought certiorari. The motion has not been adjudicated. Rogers based her motion upon her status as a prevailing party before the Court of Civil Appeals. Her motion for attorney's fees is denied.