CROSS v. LITTLETON



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:CROSS v. LITTLETON

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 CROSS v. LITTLETON
2021 OK CIV APP 31
495 P.3d 675
Case Number: 119084
Decided: 05/26/2021
Mandate Issued: 07/21/2021
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2021 OK CIV APP 31, 495 P.3d 675

 

KEVIN CROSS, Plaintiff/Appellee,
v.
DANIEL N. LITTLETON, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
LINCOLN COUNTY, OKLAHOMA

HONORABLE EMILY J. MUELLER, TRIAL JUDGE

AFFIRMED

Jason Waddell, JASON WADDELL, PLLC, Oklahoma City, Oklahoma, for Plaintiff/Appellee

Shanda McKenney, ANGELA D. AILLES & ASSOCIATES, Oklahoma City, Oklahoma, for Defendant/Appellant

JANE P. WISEMAN, PRESIDING JUDGE:

¶1 Daniel Littleton appeals a trial court judgment in favor of Kevin Cross on his claim for diminution in the value of his vehicle. The issues on appeal are (1) whether the trial court erred in allowing expert testimony in this small claims action and (2) whether Cross's claim for diminished value to his vehicle is supported by the evidence. After review, we conclude the trial court did not err in allowing expert witness testimony and that sufficient evidence supported Cross's claim for the damages awarded, and we affirm the trial court's decision.

FACTS AND PROCEDURAL BACKGROUND

¶2 Cross filed a Small Claims Affidavit on January 8, 2020, alleging that Littleton is indebted to him for $7,181.12, plus costs and attorney fees for the diminished value of his vehicle due to a June 10, 2019 automobile accident.

¶3 On January 29, 2020, the parties' attorneys filed a "Joint Motion to Continue Small Claims Hearing" which was set for January 30, 2020. The motion states that Cross's "expert witness regarding the subject matter of this litigation, namely, the diminished value of his vehicle as a result of an auto accident, is unable to attend the hearing due to an unforeseen medical condition." It further stated,

The expert, Gregory "Bud" Bauer, of Bauer Sharper Cars, Oklahoma City, Oklahoma, was to provide testimony and authenticate evidence crucial to proving [Cross's] case. Without this expert testimony, [Cross] will not be able to introduce and present evidence crucial to the prosecution of his case to prove the diminished value of his vehicle.

The motion was signed by Littleton's attorney, Shanda McKenney.

¶4 The small claims proceeding was held on July 23, 2020. The evidence showed Cross's wife, Sylvia Cross, was driving his 2016 Toyota Tundra on June 10, 2019, when it was involved in an accident with Littleton. Cross testified that the damage to the Tundra "was pretty severe damage having the frame bent." A body shop completed $25,246.83 in work on the truck, including replacement of the entire frame. Cross testified he had no complaints about the repair work the body shop performed on the truck. Littleton's insurer, State Farm Insurance, paid for the repairs for which Cross paid no out-of-pocket expenses.

¶5 When Cross called Bud Bauer as an expert to testify at trial, Littleton's attorney addressed the court:

Your Honor, before we get too far into this, I would like to interpose an objection. Mr. Bauer is being presented as an expert witness in this matter. Small claims court is not the proper venue for expert witnesses because no discovery is allowed. Under the Oklahoma Discovery Code, the only way to get information from expert witnesses is through the discovery code.

Because there is no discovery permitted in small claims court, it is legally and practically impossible for me to obtain in any of the traditional expert witness disclosures that typically come with an expert witness, such as a history of testimony, any scholarly or intellectual publication that they may have--may have either produced or reviewed that contributed to the report in the matter, any history of who he's done consultations or work for outside of testimonial purposes. None of that information has been provided, and I am not able to go actively seek it because there is no discovery permitted in small claims court.

So Defendant would object to any expert testimony being provided at this trial on the basis that it is patently unfair and prejudicial to the defendant to allow such testimony into evidence.

¶6 In response, Cross's attorney argued that Littleton's attorney had Bauer's report before the lawsuit was filed and had not sought further information about the expert witness or his testimony.

¶7 The trial court stated that, although it would like to finish the case that day, if Littleton would like to request a continuance, the trial court would entertain that request. Littleton's attorney said she would like to proceed, but maintain a standing objection.

¶8 Bauer testified good workmanship was used to repair the Tundra and he had no complaints about the work the body shop completed on the vehicle. He said that the average repair is 40 to 60 hours, but more than 100 hours were spent to repair the Tundra which "was a limited, which is top of the line, and four-wheel drive." He stated that the Tundra's pre-loss value was $35,906. Major damage to a vehicle "[l]imits the marketability about 60 percent," according to Bauer, because "[p]eople are scared to buy it." He said that major frame damage, as was the case here, diminished the vehicle's value. He propounded that a vehicle without major damage is worth more than one that had sustained major damage. This vehicle, he testified, has a diminished value of $7,181.12. Bauer, however, was able to find comparable trucks in other states, but not in Oklahoma, to help ascertain fair market value.

¶9 At the end of Cross's case, Littleton presented no witnesses or exhibits but demurred, asserting that Cross failed to present any evidence to support his claim. The trial court did not grant his motion, but proceeded to find Cross had sustained a loss of value for the Tundra which the court calculated by finding the Tundra was worth $32,280.35 before the accident and had lost 20% of its value due to the accident, as Bauer had testified. The court entered judgment of $6,456.07 in diminished value, attorney fees of $4,427.50, and costs of $284.14. Littleton appeals.[1]

STANDARD OF REVIEW

¶10 "A trial court has discretion in deciding whether proffered evidence is relevant and, if so, whether it should be admitted, and a judgment will not be reversed based on a trial judge's ruling to admit or exclude evidence absent a clear abuse of discretion." Myers v. Missouri Pac. R.R. Co., 2002 OK 60, ¶ 36, 52 P.3d 1014. "The determination of the competency of a witness to testify is a matter for the trial court's discretion." Morgan v. Morgan, 2019 OK CIV APP 5, ¶ 35, 438 P.3d 837.

¶11 "[W]hether Oklahoma law permits recovery for post-repair depreciation of chattel property, presents a question of law." Brennen v. Aston, 2003 OK 91, ¶ 7, 84 P.3d 99. "Questions of law stand before the appellate court for de novo review." Id.

¶12 Littleton asserts there was a total deficiency of evidence to support Cross's claim of diminished value, which relates back to Littleton's demurrer to the evidence. "A demurrer to the evidence or motion for directed verdict should be granted only if the party opposing the motion has failed to demonstrate a prima facie case for recovery." Gillham v. Lake Country Raceway, 2001 OK 41, ¶ 7, 24 P.3d 858. We apply a de novo standard of review to the trial court's denial of Littleton's request for judgment as a matter of law. See, e.g., Computer Publ'ns, Inc. v. Welton, 2002 OK 50, ¶ 6, 49 P.3d 732.

ANALYSIS

I. Expert Witness

¶13 Littleton asserts the trial court erred by allowing an expert witness to testify in a small claims action. We disagree. The Small Claims Act was intended "to establish an informal court, void of rigid restrictions with little or no regard to the technicalities pertaining to the rules of evidence, and the assumption by the judge of direct affirmative authority to control all aspects of a hearing with the sole object of dispensing speedy justice between the parties." Black v. Littleton, 1975 OK CIV APP 1, ¶ 5, 532 P.2d 486. To this end, the Act provides: "No depositions shall be taken or interrogatories or other discovery proceeding shall be used under the small claims procedure except in aid of execution." 12 O.S.2011 § 1760. In Black, the Court noted, "A method is provided for a defendant to invoke formal civil procedure. Therefore, this court must conclude that the judge in a small claims action has enormous discretionary power to render fair, impartial and speedy justice." Black, 1975 OK CIV APP 1, ¶ 7.

¶14 The method to invoke a formal procedure is transfer to another docket. Title 12 O.S. Supp. 2017 § 1757(A) provides that where a claim is for less than $7,500:

1. On motion of the defendant, a small claims action may, in the discretion of the court, be transferred from the small claims docket to another docket of the court; provided, that the motion is filed and notice is given by the defendant to the opposing party or parties by mailing a copy of the motion at least forty-eight (48) hours prior to the time fixed in the order for defendant to appear or answer; and provided, further, that the defendant deposit the sum of Fifty Dollars ($50.00) as the court cost; and

2. The motion to transfer shall be heard at the time fixed in the order and consideration shall be given to any hardship on the plaintiff, complexity of the case, reason for transfer, and other relevant matters. If the motion is denied, the action shall remain on the small claims docket.

¶15 If Littleton wanted "to invoke formal civil procedure" and undertake discovery regarding the expert witness and his opinion, he could have asked the court to transfer the case to another docket. Littleton's attorney knew that Cross planned to call Bauer as an expert witness because his attorney signed a joint motion for a continuance on the ground that the expert witness was unable to attend the scheduled hearing. The motion further set out that Bauer "was to provide testimony and authenticate evidence crucial to proving [Cross's] case." Having notice that Cross would call an expert witness to testify about the Tundra's diminished value, Littleton took no steps either to transfer the case to another docket, find an informal means to obtain information about and from the expert witness, or offer his own expert witness in opposition to Bauer.

¶16 The Small Claims Act provides that parties "shall have the right to offer evidence in their behalf by witnesses appearing at such hearing, and the judge may call such witnesses and order the production of such documents as he may deem appropriate." 12 O.S.2011 § 1761. It further provides, "The hearing and disposition of such actions shall be informal with the sole object of dispensing speedy justice between the parties." Id. 

¶17 Littleton claims a denial of due process because the expert witness was allowed to testify without discovery in the case. He asserts, "One of the fundamental tenets of due process is the ability to confront witnesses. . . ." Littleton did, however, have the opportunity to cross-examine Bauer. Littleton's counsel states that she "was never provided with any information pertaining to [Cross's] opinion testimony." Cross's counsel said he sent Bauer's three-page report to Littleton's attorney, and she acknowledged receiving a copy. Littleton claims that because he was unable to depose Cross, he "had no way of knowing the extent of [Cross's] personal knowledge regarding the nature of the claim he was pursuing, and had no advance notice that [Cross] would be offering his opinions regarding the nature and extent of the damage to his vehicle." If this were the case, Littleton could have asked to transfer the case from the small claims docket to a docket providing relief under a more formal procedure.

¶18 We are not persuaded that Littleton sustained a due process violation. "The Due Process Clause does not, by itself, mandate any particular form of procedure." Rogers v. Bailey, 2011 OK 69, ¶ 19, 261 P.3d 1150. The Rogers Court explained:

Due process "'is not a technical conception with a fixed content unrelated to time, place and circumstances.'" Mathews v. Eldridge, 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). "'[D]ue process is flexible and calls for such procedural protections as the particular situation demands.'" Id. See also Flandermeyer v. Bonner, 2006 OK 87, ¶ 10, 152 P.3d 195, 198--199 (fundamental to due process is opportunity to be heard in a meaningful time and manner).

Id. "The fundamental requisites of procedural due process are notice, the right to be heard before a fair and impartial tribunal having jurisdiction over the subject matter, and the right to confront witnesses." Williams v. State ex rel. Dep't of Pub. Safety, 1990 OK CIV APP 27, ¶ 14, 791 P.2d 120. These requisites were met.

¶19 "The Act established an informal court, void of rigid restrictions with little or no regard for the technicalities pertaining to the rules of evidence which authorized the judge, within the bounds of due process, to exercise direct affirmative authority to control all aspects of a hearing." Thayer v. Phillips Petroleum Co., 1980 OK 95, ¶ 5, 613 P.2d 1041. The rules of evidence are relaxed in small claims actions. Patterson v. Beall, 2000 OK 92, ¶ 23, 19 P.3d 839. In this instance, we find no error or abuse of discretion in the trial court's decision to allow expert testimony when Littleton knew before the hearing that the expert was going to testify, had a copy of the expert's evaluation, and did not pursue other avenues of relief open to him.

II. There was sufficient evidence to support the trial court's decision.

¶20 In Brennen v. Aston, 2003 OK 91, ¶ 12, 84 P.3d 99, the Supreme Court held that "the overwhelming weight of legal authority supports the rule that damages are not limited to the cost of repairs actually made where it is shown that repairs failed to bring the property up to the condition it was in prior to the damage." Where this occurs, "[t]he cost of repairs made plus the diminution in value of the property will ordinarily be the proper measure of damages." Id.

¶21 Littleton demurred to the evidence at the close of Cross's case. "Where a defendant demurs to the evidence and requests a directed verdict, this Court will examine the record, and if, upon examination it is found that there is no evidence reasonably tending to support the verdict and judgment for plaintiff, such judgment will be reversed." Green v. Safeway Stores, Inc., 1975 OK 59, ¶ 20, 541 P.2d 200. "To determine whether a demurrer is appropriate in a legal action tried to the court, the trial court must not weigh the evidence. Instead it must accept as true all of the plaintiff's evidence and the reasonable inferences therefrom, disregarding all conflicting evidence that is favorable to the defendant." Barton v. Warren, 2005 OK CIV APP 56, ¶ 2, 120 P.3d 484 (footnote omitted).

¶22 The sole issues at trial were whether to award damages for diminished value and if so, in what amount. The essential element of Cross's claim was, pursuant to Brennen, whether the repairs brought his Tundra up to the condition it was in before the accident. See Brennen, 2003 OK 91, ¶ 12. Bauer offered testimony of the truck's value before the accident and the diminished value of the repaired truck after the accident. With Bauer's testimony, Cross presented competent evidence to prove his claim for diminution of value, making it inappropriate to sustain Littleton's demurrer to the evidence and leaving the questions of credibility and weight of the evidence for the court's determination.

¶23 The Brennen Court noted, "Oklahoma law generally provides that an injured party it to be compensated for 'all' detriment proximately caused by the negligence of another." Id. ¶ 8. In other words, "an injured party is to be placed in as near a position as possible to that which he would have been, but for the negligence of the other party." Id. The Court noted that almost all jurisdictions that have "addressed the issue of whether a vehicle owner can recover damages for post-repair depreciation . . . allow recovery for the cost of repairs made plus the diminution in value of the personal property upon a proper showing." Id. ¶ 10.

¶24 Cross presented evidence of diminished value, and the trial court did not err in overruling Littleton's demurrer to the evidence. What remains of Littleton's challenge to the decision goes to the sufficiency of the evidence Cross produced in support of his claim. "The trial judge weighs the evidence and determines the credibility of witnesses and the weight given to their testimony." Weston v. Independent Sch. Dist. No. 35 of Cherokee Cnty., 2007 OK 61, ¶ 20, 170 P.3d 539. The trial court, weighing the evidence and considering the witnesses' credibility, found in favor of Cross on his claim. That determination is supported by the evidence, and we will not disturb the trial court's decision.

CONCLUSION

¶25 Finding no error, we affirm the judgment of the trial court.

¶26 AFFIRMED.

BARNES, J., and FISCHER, V.C.J. (sitting by designation), concur.

FOOTNOTES

[1] Littleton did not take issue at either the trial or appellate level with the attorney fee or costs award, and those parts of the judgment are not addressed in our Opinion.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1990 OK CIV APP 27, 791 P.2d 120, 61 OBJ 1503, Williams v. State ex rel. Dept. of Public Safety
Discussed
 2005 OK CIV APP 56, 120 P.3d 484, BARTON v. WARREN
Discussed
 1975 OK CIV APP 1, 532 P.2d 486, BLACK v. LITTLETON
Discussed at Length
 2019 OK CIV APP 5, 438 P.3d 837, IN RE THE MARRIAGE OF MORGAN
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 41, 24 P.3d 858, 72 OBJ 1495, GILLHAM v. LAKE COUNTRY RACEWAY
Discussed
 2002 OK 50, 49 P.3d 732, COMPUTER PUBLICATIONS, INC. v. WELTON
Discussed
 2002 OK 60, 52 P.3d 1014, MYERS v. MISSOURI PACIFIC RAILROAD CO.
Discussed
 2000 OK 92, 19 P.3d 839, 71 OBJ 3016, PATTERSON v. BEALL
Discussed
 2003 OK 91, 84 P.3d 99, BRENNEN v. ASTON, Jr.
Discussed at Length
 2006 OK 87, 152 P.3d 195, FLANDERMEYER v. BONNER
Discussed
 2007 OK 61, 170 P.3d 359, WESTON v. INDEP. SCHOOL DIST. NO. 35 OF CHEROKEE COUNTY
Cited
 2011 OK 69, 261 P.3d 1150, ROGERS v. BAILEY
Discussed
 1975 OK 59, 541 P.2d 200, GREEN v. SAFEWAY STORES, INC.
Discussed
 1980 OK 95, 613 P.2d 1041, Thayer v. Phillips Petroleum Co.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1757, Transfer of Actions from Small Claims Docket to Another Docket
Cited
 12 O.S. 1760, Attachment or Garnishment - Depositions - Interrogatories - New Parties - Intervention
Cited
 12 O.S. 1761, Trial by Court - Request for Reporter or Jury - Evidence - Informality
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA